# Duke *v.* City of Anniston.

*Assessment for Street Improvement.*

(Decided Nov. 12, 1912. Rehearing denied Dec. 7, 1912.
60 South. 447.)

1. *Municipal Corporations; Assessment of Benefits; Constitutional Provision.*—Under section 223, Constitution 1901, the increased value of property by reason of the special benefits derived from the improvements is the value expressed in dollars and cents added to the property by reason of the special benefits from the improvement.

2. *Same.*—Under section 223, Constitution 1901, there can be no assessment for anything increasing the desirability of the property for business or resident purposes or its attractiveness which does not add to its value or worth in money.

3. *Same; Instructions; Worth.*—While the word, "worth" in some connections may mean more than pecuniary value, yet when used in law it means that sum of qualities which renders a thing valuable and useful in the current medium of the country, and hence, the court should have given the requested instruction that by increase in value, under the Constitution relative to assessment for the benefit of property was meant increase in worth in dollars and cents. and that if defendant's property had not been so increased, the jury could not find for the plaintiff; and this is true, although the court instructed the jury that if the value of defendant's property was not increased by the improvement, the verdict should be for the defendant.

4. *Same.*—Such a charge was not misleading in its tendencies because of the omission of any reference to the improvement, or as authorizing a consideration of depressions in value resulting from a panic, as the charge merely defines the word "value" as employed in a charge given, and correctly stated the law regardless of the existence of such panic; nor can it be said that the giving of such large was harmless.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by the City of Anniston against J. H. Duke to enforce sidewalk improvement assessment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[Duke v. City of Anniston.]

TATE & WALKER, for appellant. Under sections 1361 and 1362, Code 1907, defendant was entitled to show that he protested to the city council and offered evidence showing that the work was not done in a good workmanlike manner, and also to show that fact on this trial.—*Garner v. City of Anniston,* in MSS. This improvement law is in derogation of the common law, and of the inherent right of the individual, and should be strictly construed.—106 Cal. 498; 128 Cal. 114; 202 Ill. 267; 158 Ill. 442; 82 Mo. App. 386; 43 N. W. 710; 70 N. E. 989; 92 N. W. 657; 37 Pac. 441. Counsel discuss other assignments of error relative to rulings on the evidence, but without further citation of authority.

WILLETT & WILLETT, and C. H. YOUNG, for appellee. The appellant was not entitled to show that the work had not been done according to contract, or that the plans and specifications for the work had not been strictly followed.—Section 1639, Code 1907; *Darnell v. Keller,* 45 N. E. 676; *People v. McWeathy,* 177 Ill. 341; *Haley v. City of Alton,* 38 N. E. 750; *Pepper v. Philadelphia,* 114 Pa. 112. Where a city council accepts the work under a contract for street improvement, a property owner is bound by the assessment duly laid therefor, though the work was not done in compliance substantially with the ordinance and contract, and such property owner cannot set up such non compliance as a defense to an action to enforce such assessment.— *Holloran v. Mormon,* 59 N. E. 869; *Baltimore v. Raymo,* 13 Atl. 383; *Emory v. Bradford,* 29 Cal. 75; *Walsh v. Matthews,* 29 Cal. 123; *Manley v. Lagrange,* 7 Ky. L. Rep. 825; *People v. Widden,* 191 Ill. 374; *People v. Green,* 158 Ill. 594. In order to introduce such evidence it was necessary to show fraud, and even where there is fraud, the remedy is by mandamus to compel

the officials to properly discharge their duties.—*Haley v. Alton, supra; Smith v. Hazzard,* 110 Cal. 145; *Collister v. Kochersperger,* 48 N. E. 156. The case on all-fours and decisive of this case is that of *People v. Whidden,* 191 Ill. 374. There was no error in admitting evidence as to the elements entering into the increased value of the property by reason of the improvement, as many things must be taken into consideration in arriving at a correct conclusion as to value.—*Harton v. Town of Avondale,* 147 Ala. 468. The court having given the charge to find for defendant if the value of the property was not increased by the improvements, the refusal to give the charge requested by the defendant was harmless error, if erroneous.

PER CURIAM.—1. Section 223 of the present Constitution provides that "no city, town or other municipality shall make any assessment for the cost of sidewalks or street paving, or for the cost of the construction of any sewers against property abutting on said street or sidewalk so paved, or drained by such sewers, in *excess of the increased value of such property* by reason of the *special benefits derived from* such improvements." The above italics are ours and are made by us because the italicized portions of the quoted section have an important bearing upon the questions involved in this case. This section was, for the first time, made a part of our organic law when the Constitution of 1901 was adopted. Prior to that time it had no counterpart in any of our Constitutions. Its adoption simply meant that the people of Alabama were determined that the costs of the above-mentioned improvements should be borne by the municipalities under whose direction they were made, except such portions of such costs as were reflected in the increased values of

the properties which were peculiarly benefited thereby. The only method which has been provided by law for the ascertainment of the value of a thing is to ascertain its *worth in money,* and as the worth of a thing, in dollars and cents, is the legal and common understanding of the word "value," we do not hesitate to affirm that when the people of Alabama, in adopting the above subdivision of the Constitution as a part of their fundamental law, declared that no assessment for the cost of sidewalks, street paving, or sewerage should. be made by a municipality against an abutting tract or lot of land "in excess of the *increased value* of such property by reason of the special benefits derived from such improvements," they meant *that value* expressed in *dollars and cents* which had been added to such property by reason of the special benefits derived from such improvements. The *criterion* fixed by the people themselves for ascertaining the amount of such an assessment is the increased value of the property, and, this being true, it is the duty of the courts to see to it that the proper criterion is observed.

2.   In this case the principal question was whether, on account of a certain sidewalk which was laid by the city of Anniston on one side of the appellant's land, such property, within the meaning of the above subdivision of the Constitution, had been *"increased in value* by reason of the special benefits derived from" such sidewalk.   There was a conflict in the evidence on the subject and at the written request of the appellant the trial court gave to the jury the following written charge: "If the value of the property of the defendant was not increased by laying the sidewalk along the same, then your verdict should be for the defendant." The appellant also asked the court to give to the jury

the following other charge: "Gentlemen, by 'increase in value' is meant increase in worth in dollars and cents, and, if Mr. Duke's property has not been increased then you cannot find for the plaintiff." The trial court refused to give this charge to the jury, and the refusal of the court to do so is here assigned as error.

As the above-quoted constitutional provision, in express terms, prohibits any assessment, in cases like the present, "in excess of the increased value of the property by reason of the special benefits derived from the improvement," we see no reason why the above charge, under the facts of this case, does not express the law. It may be, as was said by the Supreme Court in *Harton v. Town of Avondale,* 147 Ala. 468, 41 South. 934, that it is often a difficult matter to ascertain accurately the extent of the benefits accruing to lands by reason of such improvements; but that difficulty does not change or affect the language or the meaning of the subdivision of the Constitution above quoted. While the word "worth" in some connections means something other than pecuniary value—as when we speak, for instance, of a man or woman of worth—nevertheless, when used *in law,* it means that "sum of valuable qualities which renders a thing valuable and useful" expressed in the current medium of the country. As used in the above charge, it means value, and nothing more. When a man, in common parlance, says that a particular plantation is "worth" $10,000, he means that the value of that plantation is $10,000. When he says that A. is worth a million dollars, he means that the value of A.'s property is a million dollars.—*Scruggs* & *Echols v. Riddle,* 171 Ala. 350, 45 South. 641.

When we say that a man's right arm is of great worth to him, we may have an idea entirely foreign to that of pecuniary value. If, however, that man's arm,

through the negligence of another, is destroyed, and the worth of that arm to that man becomes a question for legal determination, then the idea of money compensation, and only that idea, is in the mind of the court. Its value or worth, expressed in money, taking into consideration the entire situation of that man, may be difficult to determine; but the delicacy of the task imposed does not, in any way, relieve the court of the duty of ascertaining the worth of that arm in money and of awarding the proper sum of money for the loss sustained to the party injured. The question, in the instant case, was simply this: "Was the appellant's land increased in value by reason of the special benefits derived by that land from the laying of the sidewalk? If so, then what did that increased value of the land amount to, expressed in money? Was that land *worth any more money* after the sidewalk was laid, taking into consideration the special benefits derived from the sidewalk so laid, than it would have been worth if the sidewalk had not been laid, and, if so, how much more money was it worth?"

Of course, anything that tends to add to the actual or even prospective enjoyment by the owner of real property, or which tends, in any way, to increase its desirability either for business or residence purposes, any betterment which, to use the language of one of the witnesses in this case, makes "for tenants and renders it easier to hold tenants," and anything which tends to increase the attractiveness of real property, may be said to add to the value or worth of such property. Under the plain mandate of the above constitutional provision, however, the cost of no street, sidewalk, or sewer improvement, and no part of the cost of any street, sidewalk, or sewer improvement, can be legally assessed by a municipality against abutting land which

does not increase to *some extent* the money value of such land, and only that *increased money value* created by such improvement can be legally assessed against and collected out of such land. While great latitude must be allowed a court in its efforts to ascertain whether such an improvement has, in fact, increased the actual money value or worth of a particular piece of land, and, if so, how much such increase amounts to, nevertheless the increase in money value *must be in the land, created by the particular improvement,* for a court to be justified in enforcing the payment, out of such land or by the owner of such land, of any sum of money on account of such improvement. The plain English of the charge under consideration is that if the property of appellant, by reason of the laying of the sidewalk, had not been increased in value in money, then nothing should be assessed against such property by reason of such improvement, and under our interpretation of the constitutional provision above referred to, and of section 1359 of the Code of 1907, which is, so far as this case is concerned, but an adoption by the Legislature, as a legislative act, of the above section of the Constitution, correctly expressed, under the facts of this case, the law of this case.—*City of Decatur v. Brock,* 170 Ala. 149, 54 South. 209; *Norwood v. Baker,* 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443.

In fact, the correctness of the propositions above announced is so evident that we would be inclined to the opinion that the refusal of the trial court to give the charge under discussion to the jury was error without injury, but for the fact that the course of the trial, as indicated by the bill of exceptions, and the argument of counsel in their briefs on file in this case indicate that there was, before the jury and probably considered by them, some kind of peculiar value other than an "in-

creased value in dollars and cents," the only kind of value which, under the constitutional and statutory provisions above referred to, should have been submitted to them for their consideration.

There are, indeed, instances where, when the full enjoyment of property, considering the *use* to which it is devoted, is interfered with by another, the owner of such property has been permitted to recover damages for such *decrease* in the *value of such use,* although the actual value of such property, in money, had actually been *increased* by the act or acts which created the *decrease* in the value of the property for the use to which it was devoted; but the reasoning in those cases has no applicability here.—*Baltimore & P. R. Co. v. Fifth Baptist Church,* 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739; *Birmingham Waterworks Co. v. Martini,* 2 Ala. App. 652, 56 South. 830.

In the instant case, as we have already said, the Constitution and the statutes of the state expressly declare how and for what amounts assessments like the one under consideration shall be laid. In our opinion, therefore, the trial court committed reversible error in refusing to give the above charge to the jury, which the appellant, in writing, requested it to give to the jury in his behalf.

3. There are many other questions presented by this record, but we do not deem it necessary to discuss them. The rulings of the trial court on all matters not already discussed, and which are properly presented to us for our consideration, are in accordance with our views of the law as applied to the facts of the case.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Judge DE GRAFFENRIED, while he was a judge of this court, and is adopted by the court.

### On Application for Rehearing.

THOMAS, J.—The trial court gave, at the request of the appellant, defendant below, the following charges, to-wit: "(1) If the value of the property of the defendant was not increased by laying the sidewalk around the same, then your verdict should be for defendant. (2) If the value of the defendant's property around which the sidewalk was laid was not increased by the laying of such sidewalk, then your verdict must be for defendant." But that court refused to give at appellant's request the following charge, to wit: "Gentlemen, by increase in value is meant increase in worth in dollars and cents, and if Mr. Duke's property has not been so increased then you cannot find for plaintiff." We held in the original opinion that this charge should have been given for reasons, therein ably and clearly set forth by Judge DE GRAFFENRIED, the writer of the opinion, which was adopted by this court, after he became a member of the Supreme Bench.

It is now urged for the first time, in this particular, that the charge is faulty in that it makes no reference to the sidewalk or improvement, and that it might therefore mislead the jury into the error of taking into consideration, in ascertaining whether there was no increase in value of defendant's property, depressions in values resulting from the panic in Anniston. We think the insistence is untenable. The charge is to be construed with reference to the two charges, hereinbefore quoted, which preceded it and which were the only ones that had been given or were given to the defendant, appellant here, each of which properly required a ver-

dict for defendant in the event the value of his property, around which the sidewalk was laid, was not increased as a result thereof. This is the criterion fixed by the Constitution, § 223, and the charge here in question was plainly and only designed to define and make clear to the jury what was meant by the word "value" as employed in said two preceding charges, both of which, as shown, properly confined the jury to determining whether there was any increase at all in the value of defendant's property as a result of the sidewalk or improvement. Both correctly state the law, and appropriately so, whether the times be "panic" or flush; and mean, what they plainly say and which cannot, as we see it, possibly mislead or be misunderstood, that, if nothing was added to the value of defendant's property by the improvement, plaintiff cannot recover. The existence of a panic cannot alter the correctness of this statement of the law, nor the appropriateness of giving it in charge to the jury.

Rehearing is denied.