96 So.2d 766

CITY OF MONTGOMERY

v.

James C. MOTT et al.

3 Div. 804.

Supreme Court of Alabama.

Aug. 22, 1957.

Walter J. Knabe and Drayton N. Hamilton, Montgomery, for appellant.

Calvin M. Whitesell, Montgomery, for appellees.

LAWSON, Justice.

On appeal to the circuit court, the amount of the paving assessment on appellees' property as fixed by the Board of Commissioners of the City of Montgomery was materially reduced. After its motion for a new trial was overruled, the city appealed to this court.

■ There are twenty-five assignments of error, none of which are referred to by number in the brief filed here on behalf of the appellant. Appellees insist that their motion to dismiss should be granted because of the failure of appellant to file in this court a brief in compliance with Supreme Court Rule 9, Code 1940, Title 7, Appendix, 1955 Cumulative Pocket Part, which prescribes the form and contents of briefs filed in this court by appellants. The brief filed here on behalf of the City of Montgomery does not strictly conform to the aforementioned rule in all respects, yet we do not feel that the defects in the brief warrant a dismissal of the appeal. Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579. We have condoned noncompliance with the rule in question when the record is short and simple and when a strict compliance with the rule is not essential to an understanding of the assignments of error which are argued in appellant's brief. Kendall Alabama Co. v. City of Fort Payne, 262 Ala.

465, 79 So.2d 801; Wood v. Wood, 263 Ala. 384, 82 So.2d 556, and cases cited.

■ On the trial in the circuit court the City of Montgomery introduced in evidence a transcript of all of the proceedings of the city relating to the assessment against appellees' property and then rested its case. The introduction of that transcript constituted prima facie evidence of the correctness of the assessment. Section 549, Title 37, Code 1940; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448. The property owners introduced the testimony of four witnesses. The city introduced no further testimony.

The only question litigated on appeal to the circuit court was the increase in value, if any, of appellees' property by reason of the special benefits derived from the improvements, and whether or not the assessment exceeded such increased value.

■ The burden of proof was upon the appellees to show that the assessment in the amount of $1,048.61 was excessive. Sloss-Sheffield Steel & Iron Co. v. City of Birmingham, 201 Ala. 542, 78 So. 896; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467.

■ The witnesses called by the appellees gave testimony to the effect that the improvements made by the city did not increase the value of appellees' property in any amount. The city offered no evidence to the contrary, being content to rely solely on the presumption of correctness raised by the introduction in evidence of the transcript of the proceedings before the Board of Commissioners. The jury found from the evidence that appellees' property had been improved in the sum of $200 by reason of the special benefits derived from the improvements made by the city and gave a verdict for the city in that amount. The judgment was in accord with that verdict.

A jury question was clearly presented and the trial court did not err in refusing to direct a verdict in favor of the city. The unnumbered written charge which the city treats in brief as being the general charge with hypothesis is not so framed. It requests a directed verdict without any reference to the evidence.

■ We cannot say that the trial court committed reversible error in overruling grounds of the city's motion for new trial which take the point that the verdict was contrary to the weight of the evidence. The question of enhancement vel non was one for the jury's determination and the verdict should not be disturbed unless palpably wrong. The decision of the trial court, refusing to grant a new trial on the ground that the verdict was contrary to the weight of the evidence, will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168, and cases cited.

■ The city's written charges 2, 3 and 4 were refused without error. The principle of law stated in those charges was fairly and substantially covered by given charge 1 requested by the city and by the court's oral charge. Section 273, Title 7, Code 1940; Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4; City of Bessemer v. Clowdus, 261 Ala. 388, 74 So.2d 259; Walker v. Coley, 264 Ala. 492, 88 So.2d 868.

■ The trial court did not commit reversible error in giving written charges 12 and 14 at the request of appellees. Those charges are substantially in the same language as charge 10 held to have been given without error in City of Tuscaloosa v. Hill, 14 Ala.App. 541, 69 So. 486, certiorari denied 194 Ala. 559, 69 So. 598. See Duke v. City of Anniston, 5 Ala.App. 348, 60 So. 447. If the appellant conceived that these charges had a tendency to mislead, explanatory charges should have been requested. City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168.

**426**

We do not think the trial court should be held to have erred in permitting witness Collins to testify that all of the property owners involved in the paving on Patton Avenue interposed their objections and protests at a hearing held by the city on August 17, 1954, inasmuch as the transcript introduced by the city contains a statement to the effect that a majority of those owners appeared at that hearing and voiced their approval. The situation here is unlike that presented in City of Ozark v. Byrd, supra.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.