145 So.2d 842

**Henry Ford BEVIS et ux.**

v.

**Mattie Lou RODEN et al.**

8 Div. 53.

Supreme Court of Alabama.

Oct. 18, 1962.

Raymond Murphy, Florence, for appellants.

John R. Barnes, Florence, for appellees.

LIVINGSTON, Chief Justice.

Rule 9 of the Rules of the Supreme Court of Alabama, effective June 1, 1955, provides:

"Appellant's brief under separate headings shall contain: (a) under the heading 'Statement of the Case,' a concise statement of so much of the record as fully presents every error and exception relied upon referring to the pages of the transcript; (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; (c) under the heading 'Propositions of Law,' a concise statement, without argument, of each rule or proposition of law relied upon to sustain the errors assigned, together with the authorities relied upon in support of each, and in citing cases, the names of parties must be given, with the book and page where reported; (d) argument with respect to errors assigned which counsel desire to insist upon. Assignments of error

not substantially argued in brief will be deemed waived and will not be considered by the court. The statements made by appellant under the headings 'Statement of the Case' and 'Statement of the Facts' will be taken to be accurate and sufficient for decision, unless the opposite party in his brief shall make the necessary corrections or additions."

Appellants' brief in this case makes no attempt whatever to comply with Subdivision (a), (b) or (c) of the foregoing rule.

Appellee in brief insists that the appeal be dismissed for such noncompliance.

This court has said that it is always with reluctance that we find it necessary to invoke the requirements of Rule 9. City of Montgomery v. Mott, 266 Ala. 422, 96 So.2d 766. We also have said that: "We have condoned noncompliance with the rule in question when the record is short and simple and when a strict compliance with the rule is not essential to an understanding of the assignments of error which are argued in appellant's brief." Kendall Alabama Co. v. City of Fort Payne, 262 Ala. 465, 79 So.2d 801; Wood v. Wood, 263 Ala. 384, 82 So.2d 556, and cases therein cited.

The record before us contains 106 pages.

In Finklea v. Brunson, 30 Ala.App. 419, 7 So.2d 94, quoting the late Mr. Chief Justice Gardner (then Justice Gardner), in the case of Ogburn-Griffin Grocery Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434, 435, it was said:

"'We are not at all disposed to a strict construction of such rules, but are rather inclined to construe them liberally in favor of litigants who show substantial compliance with their terms. But we cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested.'"

In the instant case, there has been no effort whatever to comply with the requirements of Supreme Court Rule 9, and we must reluctantly affirm the decision of the lower court.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.