198 So.2d 258

**EMPLOYERS INSURANCE COMPANY OF ALABAMA, INC.,**

v.

**Monroe B. WATKINS, d/b/a Watkins Construction Company.**

**7 Div. 705.**

Supreme Court of Alabama.

Feb. 23, 1967.

Rehearing Denied May 5, 1967.

Lusk, Swann, Burns & Stivender, Gadsden, for appellant.

Dortch, Allen, Wright & Wright and Roy D. McCord, Gadsden, for appellee.

COLEMAN, Justice.

The insurer appeals from decree for complainant in a suit whereby complainant seeks to recover the insurance money provided for in a contract of insurance. Complainant had recovered judgment against insured in an action at law. See Title 28, § 12, Code 1940, as amended.

Complainant is the prime contractor under contract to build a highway. Insured is a subcontractor who undertook to fill in dirt around a culvert. While filling in the dirt, insured's employee, it is claimed by complainant, negligently damaged the culvert so that the owner, the state, refused to accept the culvert, and complainant was required to remove the damaged culvert and replace it with a new one.

In the action at law, complainant recovered judgment for complainant's loss which allegedly resulted from insured's negligence. The judgment against insured was not paid and complainant brought the instant suit on the policy against insurer and insured. The court rendered a decree ordering insurer, on behalf of its insured, to pay to complainant the amount of the judgment. Insurer appeals and assigns rendition of the decree as error.

The decree recites that the court finds that complainant had recovered a judgment against insured for damages growing out of an act of defendant or his employee acting within the line and scope of his employment on the 23rd day of April, 1960; that, on that day, insured was covered by a policy of insurance by which insurer was obligated to pay, on behalf of insured, all sums which insured should legally become obligated to pay because of injury to property by accident up to the policy limits; that the accident, which was the basis of the judgment recovered by complainant against insured, was an accident covered by the terms of the policy issued by the insurer as aforesaid; that execution had issued on the judgment and the execution had been returned showing no property found belonging to insured; and, therefore, it is decreed that complainant is entitled to the relief prayed for and insurer is ordered to pay to complainant the amount of the judgment with interest and costs.

The errors assigned are that "the Court erred in entering a decree in favor of the Plaintiff" and "the Court erred in failing to decree a judgment in favor of this Defendant."

In support of these assignments, insurer argues that there are three reasons why insurer should not be held liable in this case. First, there was no coverage under Exclusion (h) because, at the time of the accident, insured had the property being worked on under his care, custody, or control within the meaning of Exclusion (h). Second, there was no coverage under Exclusion (j) because the damage to the cul-

vert was due entirely to filling or back-filling. Third, even if the accident was within the policy coverage, insured failed to give to insurer proper written notice of the accident as required by the policy. Whether insurer's contentions be correct depends on the sufficiency of the evidence to sustain the findings of fact or law.

Supreme Court Rule 9, Appendix to Title 7, Code of 1940 Recompiled 1958, requires that appellant's brief, under separate headings, shall contain, "(b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; . . . ."

The evidence was taken ore tenus and occupies one hundred and seven pages of the transcript, excluding caption and reporter's certificate. Seven witnesses testified. Eleven exhibits were received in evidence.

Appellant's brief does not contain a section under the heading, "Statement of the Facts." Under the heading, "Statement of the Case," appellant states some of the evidence. This statement of the evidence covers a little less than two pages of appellant's brief. Nowhere in the brief have we found "a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely."

█ ·As to the first contention, that the accident was not within the policy coverage because the property was then under the care, custody, or control of insured, we cannot ascertain whether a contrary finding was sustained by the evidence because the entire evidence is not set out in "Statement of the Facts" in brief as required by Rule 9.

As to the second contention, that coverage was excluded under Exclusion (j), part (2), which provides in part that "This policy does not apply: . . . . (j) under coverage B, to injury to or destruction of any property arising out of (1) . . . . or (2) the collapse of or structural injury to any building or structure due (a) to excavation, including borrowing, filling, or back-filling in connection therewith . . . .," complainant points out in reply brief the proviso in Exclusion (j). This proviso recites in pertinent part: "provided, however, this exclusion does not apply with respect to liability assumed by the insured under any contract covered by this policy, . . . . and provided further that . . . . part (2) of this exclusion does not apply to operations stated, in the declaration . . . . as not subject to such part of this exclusion."

In the forepart of the policy, we find the following recitals:

### "DECLARATIONS

". . . . . . . . .

"Item 4. The declarations are completed on attached schedules designated #1

"Item 5. The schedules disclose all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein :*

### "NO EXCEPTIONS

". . . . . . . . . .

" * Absence of an entry means 'No Exceptions.' "

Under "Schedule #1" we find the following:

"Premises—Operations

"STREET OR ROAD PAVING OR REPAVING, SURFACING OR RE-

SURFACING OR SCRAPING—Clearing of right-of-way, earth or rock excavation, filling or grading, tunneling, bridge or culvert building, quarrying, or stone crushing to be separately rated."

Under these policy provisions, we are of opinion that Exclusion (j), when read in connection with other parts of the policy, must be construed so that coverage is not excluded on accidents occurring in operations which can be classified as "filling" or "culvert building." On page 12 of insurer's brief, insurer states that ". . . . the evidence is without dispute that injury or damage to the culvert was due entirely to filling or backfilling . . . ."

The proviso in Exclusion (j) recites that "this exclusion does not apply with respect to liability assumed by the insured under any contract covered by this policy . . . ." Appellee says in brief "that the work being done by insured at the time the accident occurred was being performed under his contract with Appellee, which contract was the purpose for the issuance of the policy in the first place." Appellee testified: "Yes, sir, because we had a binder on that policy made payable to us," referring to the policy issued by insurer to insured.

We are of opinion that appellant has not sustained his argument that coverage was excluded under Exclusion (j).

The third argument of insurer is that insured failed to give written notice of the accident to insurer "as soon as practicable." The policy required such notice. Whether insurer complied with this condition is a question which must be determined from the evidence. By this argument, insurer asserts that the evidence is insufficient to sustain a finding that insured complied with this condition requiring written notice to insurer. Complainant says the finding of the court is justified on the ground that notice was timely given, or, if not given in strict compliance with the policy, nevertheless, insurer waived the condition.

In either event, appellant has not complied with Rule 9 and has thereby waived assignments going to the insufficiency of the evidence to support the decree.

" . . . . But rule 10 (now Rule 9) of Supreme Court practice, Code of 1940, Title 7, page 1008, provides that counsel for appellant in their brief shall, if the question is on the sufficiency of the evidence, make a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, which shall be taken as accurate and sufficient for decision by this Court, unless the opposing party in his brief makes corrections and additions. And in rule 11 (now Rule 10), that the brief for appellee shall point out any omission or inaccuracies in appellant's statement. It was said in New York Life Insurance Co. v. Mason, 236 Ala. 44(7), 180 So. 775, that the purpose of those rules was to enable the Court to determine from the briefs of counsel whether there was error in the trial court, without making it necessary to explore the entire record. . . . ." (Parenthesis Supplied.) Stanley v. Beck, 242 Ala. 574, 576, 577, 7 So.2d 276, 278.

"We have held that if there is a failure to comply with Rule 9 (old Rule 10), there is, as a consequence, a failure to insist upon errors assigned; and that the failure to insist upon errors assigned is a waiver and an abandonment of them. (Citations Omitted.)" Mothershed v. Mothershed, 274 Ala. 528, 530, 150 So.2d 372, 373.

" ' . . . . "It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. [Citing cases.] Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his

brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived." . . . .' Slovick v. James I. Barnes Construction Co., 142 Cal.2d 618, 298 P.2d 923, 927." Evergreen Heading Co. v. Skipper, 276 Ala. 623, 624, 165 So.2d 705, 707.

See: Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246; Woodward Iron Co. v. String-fellow, 271 Ala. 596, 126 So.2d 96; Bevis v. Roden, 274 Ala. 101, 145 So.2d 842; Case v. Ward, 276 Ala. 242, 160 So.2d 859; Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361; Alabama Farm Bureau Mut. Cas. Ins. Co. v. Crestman, 277 Ala. 410, 171 So.2d 119; Brooks v. Jones, 279 Ala. 275, 184 So.2d 356; Sharp v. Elliotsville Cumberland Presbyterian Church, 280 Ala. 266, 192 So.2d 718.

We are of opinion that error has not been shown and that the decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.