196 So.2d 720

**UNITED ACCEPTANCE CORPORATION OF FLORIDA**

**v.**

**Robert L. JOINER et ux.**

**I Div. 336.**

Supreme Court of Alabama.

March 9, 1967.

Tyson, Marr & Friedlander, Mobile, for appellant.

Perloff & Reid, Mobile, for appellees.

PER CURIAM.

This is an appeal from a final decree on an amended bill of complaint filed in the circuit court of Mobile County, in equity, to effect equitable redemption of some real estate owned by appellees from a mortgage that was in process of foreclosure when the original bill was filed.

The decree ascertained the sum due under the mortgage to be $697.50; also, it decreed that complainants (appellees), as a condition precedent to having said mortgage cancelled, pay into court for appellant said amount due, and gave thirty days to make payment into court of said amount. Upon such payment the mortgage was declared to be null and void, otherwise it was to be considered valid for $697.50.

None of the pleadings filed by complainants allege there was any fraud that permeated the execution of the mortgage in question by complainants to S. L. Lewis Construction Corporation in the sum of $5,994.00 to secure a certain promissory note of like amount and bearing even date with the mortgage. The mortgage and the note both recite that the debt is to be paid in 120 monthly consecutive installments of $49.95 each, the first to be due and payable on February 12, 1960; additional installments to be due and payable on the same day of each succeeding month until all are paid in full. Nor do the pleadings allege there was any usurious interest included in the note and mortgage.

Both the note and the mortgage were duly transferred and assigned, for a valuable recited consideration, to appellants. The assignee or transferee was in process of foreclosing the mortgage when the original bill was filed.

We have carefully examined the evidence and fail to find any that points to fraud in the execution of the mortgage and note, or any evidence that points to the inclusion of usury in the instruments. We note such absence even though there was no allegation of such infection.

The evidence shows that the mortgage and note both were executed in blank and delivered to the mortgagee. Complainants introduced in evidence a written contract, dated November 12, 1960 (the same date as the mortgage and note) between them and S. J. Lewis Construction Corporation, whereby the parties agreed upon the erection by said Lewis Corporation of improvements (a modified dwelling) upon the real property of complainants in Mobile County. This contract recites that in addition to a binder of $100.00, which was paid, the complainants were to pay the balance in 120 equal consecutive monthly installments of $49.95 each, the first of which "shall be due and payable February 12, 1960; additional installments shall be due and payable on the same day of each succeeding month until all are paid in full." Also noted in the contract are the words "Cash Price $3,195.00."

It appears further that appellees paid fifty installments (totaling $2,497.50) prior to filing their bill of complaint.

When appellees executed the note and mortgage they made an election between the installment or credit plan and the cash price appearing in the aforementioned construction contract. Mr. Joiner testified that he read the construction contract, although not word for word; also, that he and his wife read this contract and looked at it together.

It appears further from the evidence that the note and mortgage, which complainants testified they signed in blank, each included the same agreement to pay by installments that appears in the construction contract. In addition these instruments spell out the total amount of the installments, namely, $5,994.00. This total is not spelled out in the construction contract.

██ The decisions of this court recognize both a credit price and a cash price. Also, we have held that an agreement fixing a credit price as distinguished from a cash delivered price is not usurious, though advance in price for credit was in excess of legal rate of interest on cash price. Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39(4), 48 A.L.R. 1437; also, the law recognizes the right of a seller to fix the price on his commodity, and to make a cash price and a credit price, provided it is not a mere device to cover usury. Davis v. Elba Bank & Trust Company, 216 Ala. 632, 114 So. 211(13).

██ The S. L. Lewis Construction Corporation had a right to fix the installment or credit price for construction of the improvements on complainants' land, as well as a cash price. Having elected to take the installment plan by executing the note and mortgage in blank, mortgagee filled in the instruments so executed with the installments specified in the construction contract. The mortgage and note both tie in with the construction contract.

"Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. * * *" Section 18, Title 39, Recompiled Code of 1958 (unofficial).

We pretermit consideration of appellant's contention that it is an innocent purchaser of the instruments for value. (We note that this section has been repealed by Act No. 549, Acts 1965, Vol. I, p. 811, effective December 31, 1966. However, Section 18, Title 39, supra, was in effect during the time of this transaction.)

██ We surmise that complainants, on reading the construction contract, failed to calculate arithmetically the total of the installments, and to note that such total was in excess of the cash price noted in the contract. The fact that they failed to make the calculation presents no defense under the pleadings and evidence in this case. They relied on their own interpretation of the contract and made an election that was incorporated in the note and mortgage.

██ As we have noted above, the mortgage and note called for the payment of $5,994.00 in installments upon which appellees paid the sum of $2,497.50, leaving a balance due of $3,496.50, instead of $697.50 which the trial court decreed to be due. The trial court evidently ascertained the latter amount by subtracting the payments from the cash price. The decree of the trial court in this respect is contrary to the preponderance of the evidence and was in error.

We take cognizance that the promissory note which appellees signed promises "to pay to S. J. Lewis Construction Corporation or order, the principal sum of Five Thousand, Nine Hundred Ninety Four & no/100." Then it also provides that said principal and interest shall be payable * * in monthly installments as follows, namely, in One Hundred twenty (120) equal consecutive monthly monthly (sic) installments of $49.95 each, the first of which shall be due and payable February 12, 1960; additional installments shall be due and payable on the same day of each succeeding month until all are paid in full."

The mortgage securing the above note provides " * * * that if the mortgagor shall well and truly pay to mortgagee the said sum of $5,994.00 with interest * *. Upon default in the payment of any installment or interest on said note * * * the mortgagee may declare the entire principal sum * * * immediately due and payable."

Appellees also in connection with said note and mortgage executed an affidavit, dated Dec. 17, 1959, in which they stated that "there is now encumbering said property (described) a mortgage originally given by Robert Lewis Joiner and Frances Joiner, husband and wife, in favor of S. J. Lewis Construction Corporation in the original principal sum of $5,994.00, which said mortgage was dated November 12, 1959. * * "

Also the following appears in the above affidavit:

"That the unpaid principal of said indebtedness is the sum of $5,994.00 as of the 17th day of December, 1959."

We conclude from said aforementioned related instruments that the sum of $5,994.00 was principal (credit price) and did not include any interest.

On remand of this cause the trial court will amend the decree to show that the balance due is $3,496.50 (without interest) and permit payment within sixty days from the finality of this opinion. Also amend the decree that upon payment of $3,496.50 the mortgage be satisfied, otherwise to be considered valid for said sum of $3,496.50. All other features of the decree shall remain in force and effect where consonant with this opinion.

The final decree of the trial court is reversed and the cause remanded with directions.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON, LAWSON, GOODWYN, and MERRILL, JJ., concur.

COLEMAN and HARWOOD, JJ., dissent.