201 So.2d 59

William F. RAGLE, Jr.

v.

Dorothy J. RAGLE.

5 Div. 835.

Supreme Court of Alabama.

June 29, 1967.

Robt. J. Hooton, Roanoke, for appellant.

Lewis H. Hamner, Jr., Roanoke, for appellee.

COLEMAN, Justice.

The husband appeals from a decree denying him a divorce from the bonds of matrimony on the ground of voluntary abandonment, as prayed for in his bill of complaint, and granting to the wife a divorce from bed and board on account of the husband having voluntarily abandoned the wife, as prayed for in her cross bill.

The court awarded custody of the minor children of the parties to the husband and awarded $150.00 per month to the wife for her support.

Six witnesses testified ore tenus and the transcript of their testimony covers one hundred and sixty pages of the record filed in this court. The decree indicates that two days were required to hear the testimony. The trial court sets out his findings in a comprehensive decree. It appears that the case was fairly and carefully tried.

Appellant has assigned twenty-six errors. We are not precisely certain which errors are insisted on by appellant, who says in brief: "The Appellant separately and severally insists that each Assignment of error is good in said cause and the Appellant seeks a reversal of this cause." The argument section of the brief is not divided so as to indicate which part of the argument is directed to specific errors, respectively. We conclude, however, that appellant is attempting to argue that the evidence is not sufficient to support the court's findings that the wife had not voluntarily abandoned the husband and that the wife is entitled to a divorce from bed and board. Appellant says in brief:

"So much for the Assignment that there is error in the decree, and we can take no other position than that the great weight and burden of the proof was met by the Appellant and was not met in any wise by the Appellee."

Appellee points out defects in appellant's brief and says we should affirm the decree because appellant has not complied with Supreme Court Rule 9, citing McGhee v. Walker, 268 Ala. 521, 108 So.2d 433, and Burch v. Southeastern Sand & Gravel Co., 278 Ala. 504, 179 So.2d 83.

Appellant has not undertaken to set out a condensed recital of the evidence given by each witness in narrative form as required by Rule 9 if the insufficiency of the evidence to sustain the finding, in fact or law, is assigned. "We have held that if there is a failure to comply with Rule 9 (old Rule 10), there is, as a consequence, a failure to insist upon errors assigned . .."

**224**

Mothershed v. Mothershed, 274 Ala. 528, 530, 150 So.2d 372, 373. In the instant case, we are of opinion that appellant has not shown that the evidence is insufficient to support the findings and conclusions of the trial court. Employers Insurance Co. of Alabama, Inc. v. Watkins, 280 Ala. 681, 198 So.2d 258, 261, and authorities there cited.

■ Appellant appears to say that awarding divorce from bed and board, "alimony," and attorneys' fees to the wife was error because she did not prove her case and appellant insists that she was not entitled to any "alimony" or attorneys' fees. Appellant's argument appears to attack the credibility, as well as the sufficiency, of the wife's testimony. It is well settled that the credibility of oral testimony is addressed to the trier of fact. We cannot say that appellant has shown that the decree is plainly or palpably wrong.

■ The trial court awarded the wife two hundred fifty dollars as compensation for her attorney. Appellee asks that we allow a reasonable fee for services of the wife's solicitor on this appeal.

The husband testified that his income at the time of the trial was $794.44 per month for nine months of the year.

The attorney for the wife is entitled to a reasonable fee for his services on appeal. In the light of the circumstances shown, we are of opinion that a reasonable fee for the wife's attorney on the appeal in this court would be $200.00, and it will be so ordered. Davis v. Davis, 255 Ala. 488, 493, 51 So.2d 876.

Error not being shown, the decree appealed from is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.