232 So.2d 611

**Brenda G. KOONS**

v.

**ALABAMA CITY BANK OF GADSDEN.**

**7 Div. 865.**

Supreme Court of Alabama.

March 5, 1970.

James F. Hinton, Gadsden, and Philip L. Green, Boaz, for appellant.

Lusk, Swann, Burns &·Stivender, Gads-
den, for. appellee.

MADDOX, Justice.

This is an appeal from a final decree in a declaratory judgment proceeding denying relief to complainant, Brenda G. Koons. Mrs. Koons and her husband, now deceased, purchased a house and lot from one Charles Hyatt and wife, assuming and agreeing to pay an existing indebtedness against the property. Hyatt and wife had previously bought the property from one Payton, who took a note secured by a purchase money mortgage from the Hyatts in the amount of $11,912.70 as payment of the purchase price. The note and mortgage were transferred to appellee, Alabama City Bank of Gadsden, which started foreclosure proceedings when default was made.

Complainant filed her declaratory judgment petition, asked for and received an injunction against further foreclosure proceedings pending the trial of the case, and made two basic claims:

(1) that a credit life policy issued to the Hyatts should have been transferred to cover her late husband, who died shortly before the default was declared by the bank; and

(2) that the note which was secured by the mortgage was usurious.

The trial judge heard the case without a jury and entered a final decree dissolving the injunction he had issued against further foreclosure proceedings. He also found that the complainant Koons was not entitled to relief; that there was no credit life policy on the life of her late husband; that the bank had not undertaken to obtain credit life insurance on the life of the deceased husband; and that there was no duty on the bank in this regard. The court found also that the note was not usurious.

■ The appellee bank asks us to affirm the judgment and not to consider the assignments of error because appellant's brief fails to comply with our rules regarding the argument of unrelated assignments of error in bulk and regarding the relation of propositions of law to the assignments of error. That there is not literal compliance with our rules is obvious, but the case is simple and we understand the argument made and the errors claimed and will therefore consider those assignments of error which are substantially argued in appellant's brief.[1] Collier v. Brown, 228 So. 2d 800, 4 ABR 168 (1969); City of Montgomery v. Mott, 266 Ala. 422, 96 So.2d 766 (1957).

The trial judge heard the case orally and his findings of fact are presumed to be correct and will not be disturbed unless plainly and palpably wrong.

■ Appellant contends that the trial court should have found that the bank was under an obligation to transfer the credit life policy on the life of Charles Hyatt to her late husband. The evidence is conflicting as to whether the bank was obligated to transfer the insurance, but there was sufficient evidence from which the court could find that the bank was under no such duty or obligation to transfer or obtain credit life insurance on the life of Leon Koons, appellant's deceased husband.

■ We now turn to the question of usury. The trial court found that the

1. The Alabama State Bar at its Mid-Winter meeting in February, 1970, discussed with several of the members of this court the possibility of changing our rules so that appellate procedure will not be so technical. Until our rules are changed this does not excuse noncompliance, but in this case we feel compelled to construe our rules liberally.

transaction was not usurious. There was evidence that at the time of the initial sale from Payton to the Hyatts, the cash price for the land was $8,000.00 and the time price was $11,912.70. At the conclusion of the transaction the bank purchased the note and mortgage from Payton for $9,018.40. Appellee bank candidly admits that courts can closely scrutinize every suspicious transaction in order to ascertain its real nature and will look to the whole transaction to determine whether or not it is tainted with usury. Cochran v. State, 270 Ala. 440, 119 So.2d 339, 91 A.L.R.2d 1340 (1960). The bank says, however, that the trial court did not find the transaction here to be tainted with usury and cites Dykes v. Bottoms, 101 Ala. 390, 13 So. 582 (1893), as authority for the conclusion reached by the court. In United Acceptance Corp. v. Joiner, 280 Ala. 605, 196 So. 2d 720 (1967), we said:

> "The decisions of this court recognize both a credit price and a cash price. Also, we have held that an agreement fixing a credit price as distinguished from a cash delivered price is not usurious, though advance in price for credit was in excess of legal rate of interest on cash price. Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39(4), 48 A.L.R. 1437; also, the law recognizes the right of a seller to fix the price on his commodity, and to make a cash price and a credit price, provided it is not a mere device to cover usury. Davis v. Elba Bank & Trust Company, 216 Ala. 632, 114 So. 211(13)."

Appellant makes this statement regarding the question of the Group Credit Life policy:

> "Group credit life insurance is a relatively newcomer in the field of insurance and has, where its use is widespread, demanded legislation to correct its many abuses, but while it is abused in Alabama, the Legislature has elected to ignore it. Now the court must speak."

 In Cochran v. State, supra, we have already indicated that we do not sanction any practice of attempting to evade laws against usury by charging and retaining exorbitant insurance premiums. Had we been trying the case in the first instance we may have reached an entirely different conclusion on the facts than did the trial judge, but we cannot say that the findings of fact are plainly and palpably wrong, especially in view of our case law regarding sales made for a "cash" and "time" price. If abuses exist because of practices with regard to credit life insurance, that is the province of the Legislature, not the courts except where such practices are found to be devices for evading our usury laws.

Affirmed.

LIVINGSTON, C. J., and MERRILL, HARWOOD, and McCALL, JJ., concur.