269 So.2d 126

**James C. KYZER**

v.

**Mary A. KYZER et al.**

**6 Div. 138.**

Court of Civil Appeals of Alabama.

Sept. 20, 1972.

Rehearing Denied Oct. 18, 1972.

Richard O. Fant, Jr., Tuscaloosa, for appellant.

McDuffie & Holcombe, Tuscaloosa, for appellees.

BRADLEY, Judge.

This appeal is from a decree of the Circuit Court of Tuscaloosa County, in Equity, granting a divorce and awarding alimony in gross to appellee, and the granting of a permanent injunction in favor of the ex-wife and two of the children preventing appellant from interfering with the operation of an automotive parts business.

The suit was commenced by appellant and sought a divorce from appellee on the basis of incompatibility of temperament of the parties, and an injunction enjoining his wife and three of his six children from coming upon the property known as Jay's Automotive Parts or interfering in any way with said business. Appellees filed an answer and cross-bill which was later amended, in which the wife sought a divorce from appellant on the ground of cruelty; custody of the three minor children; alimony and child support for the three minor children; a conveyance of title to certain property owned by appellant, consisting mainly of the homeplace and the business known as Jay's Automotive Parts; and an injunction preventing appellant from interfering with or molesting her and the minor children, and from interfering with appel-

lees' operation of the business heretofore mentioned. Appellant answered the cross-bill and thereafter a hearing was held by the court, and upon its conclusion a decree was rendered in which appellee-wife was given a divorce on the ground of cruelty, an award of certain property, being the homeplace and the site of the business known as Jay's Automotive Parts, consisting of approximately seven (7) acres, and a permanent injunction preventing appellant from going upon the premises above described or interfering in any way with appellee-wife and her six children. Appellant was given ten days in which to remove his house trailer, mechanics' tools and personal effects from the property in question. Appellant was allowed to retain ownership to other parcels of property located in Alabama and Mississippi, and appellee-wife was ordered to relinquish any claim she might have in said property.

The motion for rehearing was overruled, but the trial court clarified its original decree to specifically enumerate those mechanics' tools and other personal property that appellant would be permitted to remove from the shop and business known as Jay's Automotive Parts.

The appeal was taken from the final decree rendered on December 17, 1971.

There are nine listed assignments of error in the record, but none of these assignments contain page numbers of the record wherein the error is supposed to have occurred. See Rule 1, Supreme Court Rules. Furthermore, only assignments of error one, two, four and eight could rightfully be considered as questioning some ruling of the trial court, whereas the remaining so-called assignments of error fall in the category of argument. An assignment of error not predicated on an adverse ruling of the trial court will not be considered. First National Bank of Birmingham v. Brown, 287 Ala. 240, 251 So.2d 204.

Appellees have filed in this court a motion to strike appellant's brief and affirm the decree below on the ground that appel-

lant's brief fails to meet the requirements of Rule 9 of the Supreme Court Rules.

Appellees contend that appellant's brief does not contain a "Statement of the Case" presenting a concise statement of the record pointing out each error relied on and the record page number where that error occurred as required by Rule 9(a); that appellant's brief does not contain a "Statement of the Facts" with a condensed recital of the evidence in narrative form so as to present the factual circumstances of the case clearly and concisely as required by Rule 9(b); that appellant's brief does not contain a heading "Propositions of Law" giving a concise statement, without argument, of each rule or proposition of law relied on to sustain the errors assigned, together with a citation of the authorities relied on in support thereof as required by Rule 9(c); and that appellant's brief does not contain an "Argument" section wherein the assignments of error relied on for reversal are argued as required by Rule 9(d).

■ The brief's "Statement of the Case" does not contain a history of the case, i. e., how the case originated, what was involved, the disposition of it and the grounds for appeal, but it does contain errors committed by the trial court, mainly a repeat of the assignment of errors with citations to the transcript page numbers. The "Statement of the Facts" section of the brief completely fails to comply with Rule 9(b). There is no narrative statement of the evidence, nor is there a condensed recital of each witness' testimony as is required when the sufficiency of the evidence to support the decree is in issue. There is an assignment of error in the brief raising the point that the court erred in failing to award appellant a divorce on the ground set out in his complaint, but there is no such assignment of error in the record of the case filed in this court. However, there is an assignment of error contending that the evidence does not support the decree of the court finding that appellant was cruel to his wife.

The Supreme Court has said that the failure to comply with Rule 9(b) precludes the reviewing court from considering an assignment of error that the evidence is insufficient to support the decree. Employers Insurance Co. of Alabama, Inc. v. Watkins, 280 Ala. 681, 198 So.2d 258.

In the absence of a statement of facts meeting the requirements of Rule 9(b), we cannot consider the assignment of error relating to the sufficiency of the evidence to support the decree awarding a divorce to appellee on the ground of the cruelty of the appellant toward appellee-wife.

As stated before, there is no section in the brief labeled "Argument." However, under his "Propositions of Law" appellant restates his assignments of error as set out in the section he styles "Statement of the Case," and then argues two assignments of error, i. e., that the trial court erred in awarding the wife alimony in gross and that the decree as it pertains to appellant's personal property is vague and indefinite. Appellant also cites authorities in support of these two arguments.

Yet, appellant's "Propositions of Law" do not meet the requirements of Rule 9(c), which requires a concise statement, *without argument*, of each rule or proposition of law to be relied upon.

■ Appellant's brief is not cast in the form required of an appellant's brief by Rule 9, Supreme Court Rules, hence, appellees' motion to strike said brief must be granted.

■ Appellant's so-called "Propositions of Law" are nothing more than restatements of his assignments of error supported by a short two or three sentence argument. Consequently, we find that the argument offered in support of the assignments of error amounts to no more than a rehash of the assignments of error and therefore is insufficient to warrant consideration of them. McClendon v. State, 278 Ala. 678, 180 So.2d 273; Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785.

We would also point out that the assignments of error as set out in the record do not contain transcript page numbers as required by Supreme Court Rule 1. The Supreme Court has deemed compliance with Rule 1 in this regard to be mandatory. Jones v. Miller, 282 Ala. 231, 210 So.2d 793; and Wiggins v. Stapleton Baptist Church, 284 Ala. 174, 223 So.2d 519.

For the reasons above cited the decree of the trial court is affirmed.

However, for appellant's information, we would say that, after careful examination of the record, we find no reversible error on the part of the trial court.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.