This is a divorce case. The husband filed a petition for divorce on grounds of incompatibility. The trial court granted the divorce, ordered a division of property, awarded custody of the parties' minor child to the wife, and required the husband to pay $175 per month as child support. The wife appeals.
The issues on appeal are (1) whether the trial judge abused his discretion in the division of property and (2) whether the trial judge abused his discretion in the amount of child support the husband was ordered to pay. We find no such abuse of discretion as to require reversal and affirm.
Viewing the record with the attendant presumptions accorded the trial court's decree, the following is pertinently revealed: The parties were married in 1967. Both had been married previously and had children by prior marriages. One daughter was born to the parties; she was eleven at the time of trial.
The wife's first husband died, leaving her the proceeds from a $50,000 insurance policy, about $20,000 of which she spent before marrying Mr. Cox. The wife also received benefits from the Social Security Administration, the Veteran's Administration, and workmen's compensation as a result of her first husband's death. The wife was not working when she married Mr. Cox.
When the parties married, the wife and her three minor children moved into a small house owned by the husband. The mortgage on that house was foreclosed several years later. The wife loaned or furnished $10,000 which was used to redeem the house. A few years later the husband executed a deed to the small house to the wife in order to protect his interest from attachment by the husband's former wife.
Between 1967 and 1969, the wife paid $6,400 for two adjacent lots. Title to both was put in the wife's name for the reason cited above. After the first lot was acquired, the husband began building a larger home for the parties. He was the general contractor and the trial court found the services the husband rendered in connection with the building of this home were worth $12,000 to $15,000. The wife contributed $22,000 and the parties borrowed $25,000 from a savings and loan association. At the time of trial the home was worth in excess of $80,000 and the extra lot was worth $5,000.
After their marriage in 1967, the parties opened a joint checking account at the *Page 1029 
bank. For almost thirteen years the husband's weekly paycheck was deposited to this account; his average yearly income was $12,000. The wife's contributions were somewhat less than the husband's. She contributed some of the money she received as a result of her previous husband's death. When she went to work in 1975, she contributed more, but her salary never was as great as the husband's.
After moving into the new house, the parties rented the small house and the rent payments they received were deposited in the joint checking account. Funds from the joint checking account were used for the general support of the family.
At some time prior to the husband's filing of the divorce petition, the wife's daughter moved into the small house. The daughter did not pay rent. Shortly thereafter, the daughter married and there was some discussion regarding a sale of the small house by the parties to the daughter and her husband. However, no agreement was reached.
Some six days before the husband filed for divorce, the wife transferred title to the small house to her daughter. At the time the transfer was made, the wife knew that the husband wanted a divorce and that he wanted one-half of all the real property owned by the parties.
As stated above, the trial judge granted the parties a divorce on grounds of incompatibility. He awarded custody of the parties' minor child to the wife and ordered the husband to pay $175 per month as child support.
Additionally, the trial judge, in effect, awarded the husband a one-half undivided interest in the small house which the wife had transferred to her daughter; he set the value of this interest at $15,000. The court also awarded the husband a one-half interest in the large house and the adjacent vacant lot.
Specifically, the trial court ordered the larger house and the adjacent lot sold. The proceeds are first to be applied to the mortgage. Then each party is to receive one-half of the remaining proceeds. However, $15,000 of the wife's one-half is to be given to the husband in lieu of his interest in the small house, which the wife's daughter now apparently owns.
The initial issue on appeal is whether the trial judge abused his discretion in the division of property.
A trial court is afforded wide discretion in awarding marital assets in divorce cases and such discretion is presumed correctly applied on appeal. Thompson v. Thompson, Ala.Civ.App., 377 So.2d 141 (1979). That division of property will not be set aside or revised unless it is determined to be so arbitrary, disparate and contrary to equity as to be clearly wrong and unjust. Thompson v. Thompson, supra; Kirk v. Kirk, Ala.Civ.App., 371 So.2d 54 (1979).
The wife in this case, through able counsel, contends that because much of the real property was in her name and because she paid the full purchase price for two of the lots, she would have been given more than a one-half interest in the real property.
The facts, as stated above, show that prior to the parties' marriage the husband owned the small house, subject to a mortgage. That mortgage was foreclosed and the wife provided the funds to redeem it. Thereafter, the husband transferred title to the wife.
The general rule is that a conveyance of real property from a husband to his wife is presumed a gift. Cone v. Cone, Ala.,331 So.2d 656 (1976). However that presumption may be rebutted by proof of the real intent of the parties. Cone v. Cone, supra;Campbell v. Campbell, Ala.Civ.App., 371 So.2d 55 (1979).
In this case the judge heard evidence that the purpose of transferring title to the small house was to preclude the husband's former wife from obtaining a lien on it. In *Page 1030 
fact, the wife admitted this at trial. The trial judge concluded from the evidence that the real intent of the parties was that they hold title to the small house jointly.
Credibility of oral testimony is addressed to the trier of fact. Ragle v. Ragle, 281 Ala. 222, 201 So.2d 59 (1967). This court cannot substitute its own judgment for that of the trier of facts. Scott Paper Co. v. Novay Cherry Barge Service, Inc.,48 Ala. App. 368, 265 So.2d 150 (1972).
As regards the large house, the wife contends that because she provided the purchase price for the lot on which it was built, as well as the adjacent lot, she should have received more than one-half interest. Again, the evidence shows that title to both lots was placed in the wife's name to prevent the husband's former wife from obtaining an interest in them.
The evidence also shows that the husband did some of the construction himself. In fact, the services he rendered were valued by the trial court at $12,000 to $15,000. While it is true that the wife paid for both the lot on which the larger house was built and the adjacent lot and that she provided some construction funds, the parties also took out a $25,000 loan. Payments on that loan were made out of the parties' joint checking account.
The determination of who originally supplied purchase money for property acquired during a marriage is neither the sole nor the most salutary method of determining the proper division of such property where its acquisition, under all the circumstances, was a joint enterprise. Conwell v. Conwell,56 Ala. App. 188, 320 So.2d 694 (1975).
The trial judge in this case apparently determined that the acquisition of the real property in this case was a joint enterprise. In light of the facts, as stated above, there is evidence to support such a conclusion.
In view of the court's findings regarding the intention of the parties to hold title to the small house jointly and that the acquisition of the larger house and the adjacent lot was a joint enterprise, we do not find any abuse of discretion which requires reversal in the trial court's action which, in effect, divided the aforementioned property by giving the husband and wife each a one-half interest.
The wife also contends on appeal that the trial judge erred in its award of child support. Determination of child support is a matter within the sound discretion of the trial court and will not be reversed on appeal in absence of a manifest abuse of discretion. Dismukes v. Dismukes, Ala.Civ.App.,376 So.2d 730 (1979).
The record shows the parties' income in 1978 was as follows: The wife made almost $10,000 and the husband made about $15,000.
In this case the wife has the ability to earn a living, and is doing so. Additionally, the husband's income is not significantly higher than the wife's. In view of the above, we do not find an abuse of discretion in ordering the husband to pay $175 per month child support. Williamson v. Williamson, Ala.Civ.App., 391 So.2d 115 (1980).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.