Hutchins vs. McCann.

HUTCHINS VS M'CANN.

1. The proper measure of damages in an action by the indorsee of a promissory note against the indorser, the maker having failed to pay, is, the sum of money, with interest, which constituted the consideration of the assignment. And so, also,

2. Where A, wishing to borrow two hundred dollars from B, executed several small notes, amounting, in the aggregate, to three hundred and nineteen dollars, payable to C, who indorsed them to B, and received the two hundred dollars which he handed over to A, and A subsequently took up a part of the notes, and paid to B various sums, amounting, in all, to two hundred dollars,—it was held, that B, in an action on the balance of the notes, was not entitled to recover against C. The contract being entire, and B having received the sum advanced by him, there was a failure of consideration for the balance of the notes.

3. Where the court, in charging a jury, expresses an erroneous opinion on an abstract question of law, not necessary to be decided in the case, and not prejudicial to a party—such expression of erroneous opinion, is no ground for a reversal of the judgment.—the judgment rendered being in strict conformity to the law arising from the facts of the case.

4. *Semble*, that there is no difference between an accommodation indorser, and one for value received, so far as the rights of the indorsee or holder of the note are concerned, in an action by an indorsee against the endorser of a promissory note.

Error to the Circuit court of Greene county.

This was an action of assumpsit by Hutchins, as the endorsee of a promissory note, against the endorser. The plea was the general issue, and under it, a verdict was rendered for the defendant.

The bill of exceptions stated, that on the trial of the

case, and after plaintiff had offered the note sued on in evidence, the defendant introduced John Hillhouse, the maker of the note, who was released by defendant, and who stated that the note was one of a number of small notes, executed by him to the defendant, amounting, in the whole, to the sum of three hundred and nineteen dollars: that said notes were all made and dated at the same time, and payable at the same time, and were made and executed in that way. to enable the witness to procure money from the plaintiff; and at the suggestion of plaintiff, the notes were all endorsed by the defendant, and were disposed of to the plaintiff, for the sum of two hundred dollars: that at the time the notes were disposed of, and the money received, witness and defendant were both present, but defendant received the money from plaintiff, and delivered to him the whole of said notes. The witness further stated, that about three months and a half before the notes became due, he paid the plaintiff the sum of one hundred and sixty-two dollars and fifty cents, which was, by his consent, applied to the extinguishment of a certain number of the notes, which were taken up by him at the time of said payment: that the note sued on in this case, had never been paid by himself or by defendant, or any one else that he knew of. Another of said notes given for forty dollars, with the interest that had accrued thereon, had been paid by defendant.

The court charged, that where the payee of a note in the ordinary course of business, sold and endorsed it to a third person, the maker was liable to pay to the purchaser and endorsee of the note, the full amount for

which it was made, but that the endorser would only be liable for the amount actually received by him, from the endorsee or purchaser, with the interest that might have accrued upon it. The correctness of the principle was conceded by both parties, but plaintiff contended as to the note sued on, the circumstances did not bring it within its influence. It was clear that this was not the ordinary case of the sale and purchase of a note: that all the parties to the notes, plaintiff, defendant and the maker, were aware, and had agreed that the notes, as soon as made by Hillhouse, and endorsed by defendant, were to be passed to the plaintiff, who was to advance and pay therefor, the sum of two hundred dollars. The object of defendant was to enable the maker of the note to obtain money from plaintiff.—Defendant then was an endorser for the accommodation of the maker, and so understood by plaintiff. The transaction was single and entire, though there were several evidences of an indebtedness; and defendant, though an endorser in fact, should, for the purposes of this case, be considered rather as a surety or guaranty, and entitled to every defence which his principal could make. It was competent for Hillhouse to shew, that he had paid to plaintiff the amount of money and interest, which he had received from him in discharge of his further liability, and if Hillhouse could make this defence, there was nothing to prevent defendant from interposing it. The principle upon which an endorsee, who sold a note in the ordinary course of dealing, could only be compelled to pay the amount he had received, and interest, was, that there was a failure of consideration for all that might be ex-

Hutchins *vs.* McCann.

pressed upon the note beyond this sum; and so, in this case, no recovery could be had beyond the sum paid for the notes and interest on that sum, for want of a consideration. The fact that Hillhouse had made payments to the plaintiff, and taken possession of some of the notes, permitting others to remain in his possession, could not prejudice defendant;—it could only be construed into an implied assent, that the notes should be in force — such an assent, even though it were express, would be unavailing; because, as to all but the two hundred dollars, and interest, there was an utter want of consideration, and if plaintiff had received from defendant or Hillhouse, the sum he paid for the notes, and interest on that sum, he was not entitled to a verdict. To all of which, plaintiff excepted, &c.

It was assigned as error, in this court:

1. That the court below erred in giving the several opinions contained and set forth in the bill of exceptions, as appeared by the record;

2. That the court below erred in giving judgment for the defendant.

*Erwin*, for plaintiff in error.
*Murphey*, contra.

ORMOND, J.—It is a principle of law too well settled to be questioned, and indeed is admitted by the counsel for the plaintiff, that in an action by the assignee against the assignor, the maker having failed to pay, the proper measure of damages is the sum of money which constituted the consideration of the assignment, with interest;

and with this principle in view, let us examine the trans-
action. One Hillhouse wished to borrow two hundred
dollars of the plaintiff, and for that purpose, executed
several notes, amounting, in all, to three hundred and
nineteen dollars. These notes were made payable to
the defendant, who assigned them to the plaintiff, and
received the said sum of two hundred dollars, which he
handed over to Hillhouse.

Had each of these notes been sold at a fixed price, there
could have been no doubt that the right of the plaintiff
to recover of the defendant, was perfect on each of the
notes, and on the failure of the maker to pay any one
or more of them, he could have maintained an action for
the consideration of the assignment.

The difficulty that arises in this case, proceeds from
the fact, that the consideration paid by the plaintiff to
the defendant, on the assignment and transfer of the
notes, has been paid to him on a portion of the notes,
leaving the note, in this case, unpaid. But this cannot
affect the question, if the contract was entire. We
think the evidence clearly established the unity of the
transaction; a decisive test of this, is the fact, that a
round sum was given for all the notes—the sum of two
hundred dollars. Suppose that no part of the money
had been paid by the maker, could any more than the
sum of two hundred dollars and interest have been re-
covered of the endorser? It is clear that there could not.
How then, is the case varied, by the maker paying a
part of the notes. He could not, by any act of his, af-
fect the contract between the endorser and endorsee, or
diminish or enlarge the amount, legally recoverable of
the former.

Hutchins *vs.* McCann.

If, as the contract shows, there was a sale of all the notes for an entire sum, and not a sale of each note for a specific sum, the effect of the endorsement, as to the amount to be recovered from the endorser, is the same that it would be, if there had been but one note for the whole amount, and that had been sold for two hundred dollars. In that event, if the maker had paid the sum which constituted the consideration of the endorsement, no one will contend there could have been any further recovery of the endorsee.

We have been referred by the counsel for the plaintiff in error, to the case of Brown vs Mott, (7 Johns. R. 361.) The suit there was, by the second against the first endorser. The court determined, that in the absence of proof, the plaintiff must be presumed to have paid the full value of the note to the holder, and therefore had a right to recover that amount of his endorser. The court say : "Or if he had purchased it, or taken it up at a reduced price, it would seem he could only recover the amount paid ; but as the drawer originally raised the money upon the note, with the endorsement of the present parties, the note must have been returned to the plaintiff by the subsequent holder, and he must have taken it up for its value." It is not perceived that this decision militates against the decision now made ; but so far as the cases are analagous, sustains it.

It is, however, insisted, that as the court below in charging the jury, laid some stress on the fact of the defendant being an *accommodation* endorser merely, that the jury were misled, and the judgment must be reversed for that cause.

Hutchins vs. McCann.

Admitting that the charge of the court, in so far as it supposed any difference to exist between the case of an accommodation endorser and one for value,—so far as the rights of the endorsee or holder were concerned, was erroneous,—it is not perceived how that could prejudice the plaintiff.  It was at most, merely an opinion on an abstract question of law, not necessary to be decided in the case, and which could not do injury.

In conclusion, the court say, if the plaintiff has received from the defendant, or from Hillhouse, the sum he paid for the notes, and interest on that sum, he is not entitled to a verdict.

This being the law of the case, there was no error in the charge of the court; and the judgment must be affirmed.