## NOBLE & BROTHER vs. WALKER.

[BILL IN EQUITY FOR RELIEF AGAINST USURIOUS CONTRACT.]

1. *Measure of damages on bill of exchange.*—The purchaser of a bill of exchange, at a usurious rate of discount, can only recover from his immediate endorser the sum paid, with legal interest.
2. *When purchaser of accommodation paper is chargeable with notice.*—When a bill of exchange, accepted or endorsed for the accommodation of the drawer, is presented for discount by him, the purchaser from him is affected with notice of the character of the paper.
3. *When legal interest is payable on usurious contract.*—A party to a usurious contract, who seeks relief against it in equity, is required to pay the principal and legal interest ; but a different rule prevails as against a party who seeks to enforce the contract.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Mrs. Mary E. Walker, a *feme covert*, suing by her next friend, against the appellants, and sought to restrain the sale of land under a deed of

trust, on the ground that the several bills of exchange, to secure the payment of which said deed was given, were discounted by the defendants at a usurious rate of interest, and that the amount really due on them, with legal interest, had been already paid. These bills of exchange were eight in number, and amounted to over $6,000. Seven of them were drawn by B. W. Walker, who was the husband of the complainant, "as trustee of Mary E. Walker," on the Mechanical Manufacturing Company of Montgomery, and accepted by the president or secretary of said company; and one, for $1500, was drawn by the secretary on the president of said company, and endorsed by Mrs. Walker and her husband. These bills were payable at sixty and ninety days, and were discounted by Noble & Brother at two and a half per cent. per month. They were accepted by the said company under a contract with said B. W. Walker, who was supplying the company with lumber from a saw-mill on Mrs. Walker's land, which belonged to her separate estate; and were presented to Noble & Brother, for discount, by said B. W. Walker. The bill for $1500 was endorsed by Walker for the accommodation of said company, and was discounted for the company by Noble & Brother. The said company becoming insolvent, the bills were all protested for non-payment; and Mrs. Walker executed a deed of trust on her land, with power of sale, to secure their payment. The bill alleged, that the lumber furnished to the said company had more than paid the amount due on the bills of exchange, with legal interest; and offered to pay whatever balance, if any, might be found due on a statement of the account.

On pleadings and proof, the chancellor held the complainant entitled to relief, and referred the matters of account to the master, who reported a balance of nearly $5,000 in favor of the defendants; and on final hearing, after the confirmation of the report, the chancellor ordered the complainant's bill to be dismissed, unless this sum, with interest, was paid by the next term of the court. From this decree the defendants appeal, and here insist

30

that the chancellor erred in not allowing them the full amount of the bills, with interest and damages.

ELMORE & YANCEY, for appellants.

CLOPTON & LIGON, *contra.*

STONE, J.—There is, perhaps, not proof enough in this record, to establish the proposition that the exhibits numbered five and ten were made for the accommodation of Mr. Walker. They were drawn on the Montgomery Manufacturing Company, by Mr. Staples, its secretary; and their discount was procured by Mr. Walker, the last endorser. These transactions, on their face, have the stamp of a *bona-fide* debt; and as the manufacturing company was then receiving lumber from Mrs. Walker's mill, we feel it our duty to presume, unless the evidence overturns that presumption, that they were given in liquidation of the debt for lumber.

The only testimony relied on to overturn this presumption is that of Mr. Staples. It is insufficient for the purpose. True, he testifies that the company has paid for all the lumber obtained. He does not, however, testify that there was no debt when these bills were drawn; nor does he state when the company paid for the lumber. All he states is perfectly consistent with the hypothesis, that these bills were designed to represent a real debt from the company to Mrs. Walker.

These, with all the other bills purchased by the Messrs. Noble from Mr. Walker, were bought at a discount greater than eight per cent. *per annum.* The question arises, what, in such case, is the measure of recovery by the purchaser against his immediate endorser?

This direct question was considered and settled in Hutchins v. McCann, 7 Porter, 94. It was there said to be "a principle of law, too well settled to be questioned, that in an action by the assignee aginst the assignor, the maker having failed to pay, the proper measure of damages is the sum of money which constitutes the consideration of the assignment, with interest."—See, also, French v. Grindle, 15 Maine, 163, and numerous authorities

there cited; Lane v. Stewart, 20 Maine, 98; May v. Campbell, 7 Humph. 450; and other authorities on the brief of appellee; Hunt v. Acre, 28 Ala. 580, 597; Reese v. Walton, 4 B. Monroe, 510.

This principle vindicates the decree of the chancellor, so far as these two bills are concerned.

All the other bills were drawn by Walker himself on the manufacturing company, and were accepted and endorsed by the officers of that company. These were accommodation paper, and the fact that they were presented for discount, and the money received by Mr. Walker, was notice of their character to the Messrs. Noble, if indeed notice was necessary.—Mauldin v. Branch Bank, 2 Ala. 502–13; Wallace v. Branch Bank, 1 Ala. R. 565; Carlisle v. Hill, 16 Ala. 398, 405; Saltmarsh v. P. & M. Bank, 14 Ala. 668, 679.

In this case, it will be borne in mind that Mrs. Walker files her bill to obtain relief against usurious interest. In such case, relief is granted only on payment of principal and lawful interest. If the Nobles were the actors, a different rule would prevail.—See authorities collected in Hunt v. Acre, 28 Ala. 580.

The decree of the chancellor is affirmed.