66 So.2d 924

**WILSON et al. v. McCLENDON et al.**

**7 Div. 196.**

Supreme Court of Alabama.

Aug. 6, 1953.

Roy D. McCord and Rowen S. Bone, Gadsden, for appellants.

Patterson & Nabors, Gadsden, for appellees.

GOODWYN, Justice.

Appellees insist that appellants' brief fails to comply with Supreme Court Rule 10, and, as a consequence, the assignments of error, even if made in compliance with Supreme Court Rule 1, should be considered as waived. Code 1940, Tit. 7, Appendix, Rules 1 and 10, Rules of Practice in the Supreme Court. We are constrained to agree with this insistence.

■ There are six assignments of error. Appellants' brief recites that "All of the assignments of error raise practically the same proposition." But it is not at all clear what the particular error is which appellants rely on for a reversal. Although the provisions of Rule 10 will be liberally construed, still there must be sufficient compliance therewith to enable the court to ascertain the point relied on for reversal. This court, speaking through the late Mr.

Chief Justice Gardner in Ogburn-Griffin Grocery Co. v. Orient Insurance Company, 188 Ala. 218, 224, 66 So. 434, 435, had this to say with reference to Rule 10:

"That there has been a violation of this rule, although doubtless entirely unintentional on the part of counsel, there can be no question. It is equally apparent that such a violation is productive of much confusion to the court, in the study of the record and the preparation of an opinion, with the consumption of much unnecessary time and consequent delay. The point is strenuously urged upon us by counsel for appellee.

"We are not at all disposed to a strict construction of such rules, but are rather inclined to construe them liberally in favor of litigants who show substantial compliance with their terms. But we cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested. If the rule is to be enforced at all, and even as construed most liberally, we are of the opinion that in this case we should consider the remaining assignments of error as waived, for the reasons above assigned."

If there is a failure to comply with Rule 10, there is, as a consequence, a failure to insist upon errors assigned; and it has been consistently held that "the failure of an appellant to insist, in this court, upon errors assigned on the record is a *waiver* and abandonment thereof." Louisville & Nashville R. R. Co. v. Holland, 173 Ala. 675, 694, 55 So. 1001, 1008; Alabama Power Co. v. Thompson, 250 Ala. 7, 10, 32 So.2d 795, 9 A.L.R.2d 974; Morgan County v. Hill, 257 Ala. 658, 659, 60 So.2d 838.

The judgment is due to be, and is, affirmed.

Affirmed.

All the Justices concur.