143 So.2d 308

**SERVICE FIRE INSURANCE COMPANY OF NEW YORK**

v.

**James Donald SHORT.**

**4 Div. 15.**

Supreme Court of Alabama.

June 21, 1962.

Rehearing Denied July 26, 1962.

**614**

Jas. M. Prestwood, Andalusia, for appellant.

J. Fletcher Jones, Andalusia, and Frank J. Mizell, Jr., Montgomery, for appellee.

GOODWYN, Justice.

This is a suit on a collision insurance policy. It was brought by the insured to recover damages to his automobile covered by said policy. There was a jury verdict in favor of plaintiff, and judgment thereon was duly rendered. The defendant brings this appeal from that judgment. Defendant's motion for a new trial was overruled.

There are seven assignments of error, which will be considered seriatim.

**(1)**

■ This assignment charges error in excluding evidence relating to the repair of the automobile on a prior occasion. We see no prejudicial error in this action of the trial court. If for no other reason, such evidence was excluded without error because of its irrelevancy.

**(2) and (3)**

■ These two assignments charge error in admitting in evidence, over defendant's objection, the invoice showing the sale price of the automobile. Such action, if error, was rendered harmless by the trial court's subsequent exclusion of the invoice from consideration by the jury. Moreover, the defendant had already introduced evidence (the conditional sales contract) showing the sale price of the automobile.

**(4)**

■ This assignment charges error in refusing to give defendant's requested affirmative charge with hypothesis. Rule 9 of the Revised Rules of the Supreme Court, 261 Ala. XIX, XXII, provides that "if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned," then the "Statement of Facts" in appellant's brief "shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely."

Appellee insists that appellant's brief fails to comply with this Rule. We are constrained to agree. Accordingly, this assignment is to be considered as waived. Wilson v. McClendon, 259 Ala. 382, 383, 66 So.2d 924. We note, however, that we have read the evidence and consider it sufficient to support the verdict.

**(5) and (6)**

Appellant has specifically waived these two assignments.

**(7)**

■ This assignment charges error in denying appellant's motion for a new trial. The ground of the motion here insisted on

is that the judgment and verdict are contrary to the law and the evidence. Failure to comply with Rule 9, supra, will be considered as a waiver of this assignment of error. Wilson v. McClendon, supra.

The judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.