147 So.2d 825

**Asa Lynwood GOLDEN**

v.

**Barbara Irene GOLDEN.**

**3 Div. 22.**

Supreme Court of Alabama.

Nov. 29, 1962.

Asa Lynwood Golden, pro se.

No attorney for appellee.

COLEMAN, Justice.

This is an appeal by complainant from decree wherein the court denied the divorce sought by complainant and dismissed his bill of complaint without prejudice.

Complainant is his own counsel in both the circuit court and this court. Respondent has made no appearance in either court. The record indicates that she may or may not be a nonresident of Alabama residing in England.

The errors assigned are that the court erred: "in dismissing the decree (sic) in the above style(d) cause"; "in refusing to grant the *relief* prayed for in the Bill of Complaint as amended"; and "in refusing to grant a decree of divorce to the complainant."

Following the assignments of error, the transcript bears the following endorsement:

"The Complainant desires to be present to present his case at the appropriate time."

If this endorsement is intended as a statement that appellant desires to argue the case orally in this court, the endorsement is not sufficient to entitle appellant to oral argument because the endorsement is in the

**236**

transcript and not on the last page of appellant's brief as required by Rule 4 of the Revised Rules of Practice in the Supreme Court; 261 Ala. XXI; Title 7, Code 1940, Pocket Parts.

Omitting the title page, complainant's entire brief is typed on two pages of 8½″ x 14″ paper. There is no statement of the case, no statement of the facts, no propositions of law, and no citation of authorities, other than the files in the offices of "the Registers in Autauga, Montgomery, and Etowah counties," which are not available to us. The brief does not refer to any page of the transcript.

Appellant's brief does not, in any respect, comply with Supreme Court Rule 9; 261 Ala. XXII; Title 7, Code 1940, Pocket Parts; and, for that reason, we would be fully justified in affirming the decree without further comment. In view of complainant's expressed belief that he was denied a divorce solely because he did not employ a lawyer, however, we comment further.

We have examined the entire record and agree with the circuit court that the cause "is not in proper shape to be submitted." Basic considerations going to the jurisdiction of the court are involved. The testimony as to the residence of respondent is ambiguous, to say the least. Under the majority holding in Lorillard v. Lorillard, 272 Ala. 380, 131 So.2d 707, the testimony is insufficient to prove that complainant is a resident of this state. Complainant gives no indication that he recognizes the problem thus presented by this record, and, for that reason, we have responded to his contentions.

Because appellant has failed to prepare his brief as required by Rule 9 of the Rules of Practice of this court, the decree is due to be and is affirmed. Wilson v. McClendon, 259 Ala. 382, 66 So.2d 924.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.