155 So.2d 327

**Katie SAYRE**

v.

**Grace Louise DICKERSON.**

1 Div. 130.

Supreme Court of Alabama.

July 11, 1963.

J. Terry Reynolds, Jr., and Wm. R. Lautern, Mobile, for appellant.

Kilborn, Darby & Kilborn, Mobile, for appellee.

COLEMAN, Justice.

On the insistence of appellee, this cause has been submitted on appellee's motions under Supreme Court Rule 17 which recites as follows:

"In any case set for oral hearing, if counsel for the defendant in error or appellee shall be of the opinion that the appeal was brought in this court merely for delay, he may file with the clerk his statement in writing to that effect. Copy of such statement shall be served upon counsel for plaintiff in error or appellant, who may within ten days after service of such statement upon him file with the clerk his written statement denying such fact. If no such denial is filed, the clerk shall forthwith submit the record to the court without argument on either side. If the court, on examining the record, considers it a delay case, the judgment shall be affirmed; but if it appears to be doubtful or difficult, the court shall so state, and the case will stand for argument in its regular turn. If such denial is filed by counsel for plaintiff in error or appellant, the clerk shall in the same manner submit the record to the court, and the court may, after examining the record, either affirm the judgment, or if the case is doubtful or difficult, order the same set for oral hearing at the call of the first division next occurring, or may order that the case stand for oral hearing in its regular order on the call of the division from whence the case comes."

Appellee has filed three motions, to wit:

1. "MOTION TO DISMISS APPEAL," which appears to rest on three grounds. Th first ground appears to be that a settlement agreement was entered into by the parties on August 28, 1962; that said agreement was ratified and affirmed by the court on said date; that said agreement settled all equities; that no ap-

plication for rehearing was filed within thirty days; that appellant's motion "to set aside the decree" was not filed until October 5, 1962; that there has been no appeal from the "decree" of August 28, 1962, and more than six months have elapsed; and that appellant has undertaken to appeal from a decree of December 7, 1962. The second ground is that the appeal is from a consent decree and the assertion that "a consent decree will not support an appeal." The third ground is that the decree appealed from is a decree denying appellant's motion to set aside the decree and the assertion that such an order "will not support an appeal."

2. "MOTION TO STRIKE DEMAND FOR ORAL ARGUMENT," which recites as follows:

> "Comes now the appellee in the above-styled cause by and through her counsel, Benjamin H. Kilborn, and shows unto the Court that she is of the opinion that the demand for oral argument in this cause was made solely for the purpose of delay. That there is no substantial issue of law involved in this case and that the same should be submitted immediately to the Court."

3. "MOTION TO STRIKE ASSIGNMENTS OF ERROR," wherein appellee asserts that, under Rule 1, the assignments are insufficient to invite review.

Rule 17 provides that if counsel for appellee shall be of opinion that "the appeal was brought * * * merely for delay, he may file * * * his statement * * * *to that effect.*" (Italics supplied.) The rule further provides that if appellant fail to deny "such fact," the clerk shall forthwith submit the record to the court, etc. Appellant has denied the allegation that the demand for oral argument was made solely for delay.

Nowhere in the motions have we found a reference to Rule 17 or a charge that the appeal was brought merely for delay.

Rule 17 does not authorize accelerated submission on the ground that demand for oral argument was made solely for delay. The rule authorizes early "examining the record" when "the appeal was brought * * * for delay." The rule authorizes nothing when "demand for oral argument * * * was made solely for * * * delay."

Because appellee's motion to strike demand for oral argument is not authorized by the rule, that motion is denied.

The motion to dismiss does not rest on the ground specified in Rule 17. Neither that motion nor the motion to strike assignments of error will be considered at this time.

The case will stand for argument in its regular order on the call of the first division.

Motion denied.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.