165 So.2d 705

**EVERGREEN HEADING CO.**

**v.**

**S. Lavaughn SKIPPER.**

**3 Div. 131.**

Supreme Court of Alabama.

June 11, 1964.

Jones & Nix, Evergreen, for appellant.

W. J. Williamson, Greenville, for appellee.

COLEMAN, Justice.

This is an appeal by the plaintiff from a judgment for the defendant in an action on a promissory note. The jury returned a verdict in favor of the defendant on his counterclaim and judgment was rendered accordingly.

Plaintiff's motion for a new trial was overruled.

Plaintiff has assigned ten errors. Errors 1 and 2 recite, respectively, as follows:

"1. For that the verdict of the jury is contrary to the law and the evidence in the case.

"2. For that the verdict of the jury is not sustained by the great preponderance of the evidence."

Assignments 1 and 2 are typical of the first nine assignments of error. These nine assignments allege no error committed by

the trial court and are insufficient to present any question for review. Thomas v. Brook, 274 Ala. 462, 149 So.2d 809; Standard Oil Company v. Johnson, ante p. 578, 165 So. 2d 361.

Assignment 10 recites that the court erred in overruling plaintiff's motion for a new trial. As we understand plaintiff's argument, it is that the court erred in overruling those grounds of the motion for a new trial which are to the effect that the verdict is not sustained by the great preponderance of the evidence.

 Supreme Court Rule 9 provides that, ". . . . if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement (of facts) shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely . . . ." (Par. Supplied.)

Plaintiff has failed to set out in brief a condensed recital of the evidence given by each witness in narrative form. Appellant having refrained from making a recital of the evidence in compliance with Rule 9, we will not attempt to recite the facts which justified the court in overruling the grounds of the motion for new trial which take the point that the verdict was not sustained by the great preponderance of the evidence. Case v. O'Shields, 30 Ala.App. 254, 4 So.2d 202; Lamar Life Insurance Company v. Kemp, 30 Ala.App. 138, 1 So.2d 760; Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246; Woodward Iron Company v. Stringfellow, 271 Ala. 596[2], 126 So.2d 96; Service Fire Insurance Co. of New York v. Short, 273 Ala. 613, 143 So.2d 308; Case v. Ward, 276 Ala. 242, 160 So.2d 859.

As quoted in Standard Oil Company v. Johnson, supra:

". . . . 'It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. [Citing cases.] Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived.' . . . ." Slovick v. James I. Barnes Construction Co., 142 Cal.2d 618, 298 P.2d 923, 927.

Error not being made to appear, the judgment appealed from is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.