198 So.2d 803

**Homer John BLAKELY**

v.

**STATE.**

**I Div. 161.**

Court of Appeals of Alabama.

March 28, 1967.

Rehearing Denied April 18, 1967.

Matranga, Hess & Sullivan, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was argued November 15, 1966, and submitted on a motion of the Attorney General and on the merits.

Blakely appeals from conviction on an indictment which charges: .

"* * * Homer John Blakely did in the nighttime, with intent to steal, break into and enter a building owned by Baldwin County Alabama, in which valuable things, to-wit: money was kept for use or deposit, against the peace and dignity of the State of Alabama."

See Code 1940, T. 14, § 86, defining second degree burglary.

Blakely, after verdict and allocutus, was sentenced by the court to ten years imprisonment.

## I.

### The Motion to Dismiss Request for Oral Argument

Rule 12 of the Revised Rules of the Supreme Court (279 Ala. xxvii), which this court follows, gives appellant thirty days after filing his record within which to file his brief.

Counsel wishing to argue his case orally must endorse "on the last page of his brief" his desire therefor. Rules 4 and 16. If neither party so endorses the last page of the brief in civil cases, the case is submitted on briefs. Rule 12.

In criminal appeals, Code 1940, T. 15, § 389, is the paramount law for review of appeals. Hence, no brief is mandatory. However, oral argument, while of right, is subject to rule.

Under Rule 16, if briefs are late or not filed at all, the case is submitted as in civil appeals.

August 5 appellant gave notice of a brief to be forthcoming. The appellant's brief was filed September 7. On July 12, the Attorney General had given notice of a brief to come, and filed it on September 21, 1966.

Code 1940, T. 13, § 23, provides:

"§ 23. During the sitting of the court all cases at issue may be submitted at any time without oral argument by consent of the parties or upon ten days' notice to the opposite party or his counsel of record, which notice shall specify the date upon which the case is to be submitted. The court may in its discretion, permit oral argument at the time of such submission. The cause is at issue within the meaning of this section when the record may with reasonable expedition be prepared by the clerk or register, as determined by the court."

As to terms of this court, T. 13, § 101, states:

"§ 101. The regular term of the court of appeals shall be the same as that of the supreme court; but the court may, in its discretion, adjourn from time to time."

This section thus adopts T. 13, §§ 20 and 26, which read:

"§ 20. Regular terms of the supreme court and court of appeals shall commence on the first Monday of October in each year and continue until and including the last day of June of the ensuing year; but the court may, in its discretion, adjourn from time to time."

"§ 26. The court may, whenever it deems proper, order and hold a special term. And if, upon the expiration of the regular term, there shall remain under submission any causes of the character specified in either of the three preceding sections, a special term must be held within the next sixty days for the determination of such causes."

The record in this case was filed in the office of our clerk July 7, 1966, a week after

the end of the regular October, 1965–66 Term on June 30, 1966. This court not being in adjourned or special term could not take the appeal under submission until August 15, the first day of the Summer Special Term. T. 13, §§ 101 and 20, supra.

Except for the request for oral argument, the case would have been submitted on expiration of time for appellant's reply brief, i. e., ten days after service on him of the Attorney General's brief. Rule 12, fourth sentence. This would give as the date of submission Monday, October 3, which coincidentally was the first day of the new regular 1966–67 Term.

Ignoring the beginning and ending of terms, here the appellant's brief was due August 6. But on August 5 this deadline was extended on motion of appellant to August 20. Rule 12, seventh sentence.

Measured from August 20, the Attorney General's brief was due September 9. This was extended, making September 24 the last day on which the State could have filed. Hence, filing September 21 was timely.

The appellant, having waited until September 7, did not comply with Rule 4, first sentence, in asking for oral argument. The Attorney General's motion to dismiss the request for oral argument is due to be granted.

This motion, by the relief prayed for, comes within the scope of § 23, quoted supra, save that it fails to "specify the date upon which the case is to be submitted."

■ The failure to file a brief on time in a criminal appeal gives rise to: (1) this court's authority to treat the failure as a waiver of the privilege of oral argument; or (2) the opposite party's statutory right to move for submission without oral argument on ten days' notice under § 23 of T. 13. See Golden v. Golden, 274 Ala. 235, 147 So.2d 825 (hn. 1). We distinguish this from Rule 17 as construed in Sayre v. Dickerson, 275 Ala. 371, 155 So.2d 327.

■ Though we heard oral argument, it was expressly stated in court that it was without prejudice to a favorable consideration of the State's motion to dismiss the request for oral argument.

In Smith v. Texas Co., 111 Fla. 762, 149 So. 585, we find:

" * * * The time available for consideration of [the oral argument] calendar * * * does not permit us to relax to any substantial degree the rule prescribed for requesting the privilege of having cases orally argued before this court. We mention this fact, not in criticism of either of the counsel in this case, but in order that the members of the bar may be advised of the absolute necessity of having requests for oral argument presented in the manner provided by the rules, (1) in order that they might not be overlooked by the clerk, who has not the time to read the briefs in the case in search for requests for oral argument therein contained, and (2) in order that the court may assign cases for oral argument in an orderly way. * * *"

The State's motion is granted, though T. 15, § 389, removes any penalizing sanction other than advancement of submission under § 23 of T. 13.

### II.

### The Facts

On the morning of January 7, 1966, the Chief Clerk in the office of the Judge of Probate of Baldwin County, Mr. James R. Allen, came to work at the early hour of 4:00 A.M.

As he entered that portion of the courthouse set apart for the office of the Probate Judge, he saw two men "working" on the safe. One of the two broke out of a window. Allen's testimony does not describe how the other escaped.

Allen went out the front door of the courthouse and struggled with one of the suspects. Later he saw the defendant who had been captured by some officers on the courthouse lawn trying to get away in an automobile. The defendant had some dust

on his clothing. Allen recognized his voice as being that of the man he had wrestled with in the shrubbery.

The Assistant State Toxicologist analyzed the scrapings in and about the safe and the ones found on defendant's clothing, and testified that both were identical insulation material.

There was other circumstantial evidence, including the identification of a pair of eyeglasses found on the person of the defendant as being those which belonged to Allen left by him in the office the day before.

The corpus delicti of second degree burglary was established and there was sufficient evidence from which the jury could infer that Blakely was one of the two men who had broken and entered the building.

The defendant did not take the stand.

The defendant did call one Jack Leveau who admitted that he was one of the burglars, but denied that Blakely was his accomplice.

On cross-examination, Leveau admitted telling Mr. Garner, a deputy sheriff, on the morning after the burglary that Blakely was his accomplice.

The defendant himself at times cross examined some of the State's witnesses, the trial court allowing a great deal more leniency than usual where a defendant is represented by counsel.

In the course of this do-it-yourself cross-examination, the defendant tried to make Mr. Garner admit that the defendant had been beaten in jail. One of his questions to Mr. Garner was, "Isn't it true that I was passing blood and the Doctor has blood now?" The court thereupon said, "If you want to testify, why don't you get on the stand?" Later the court, in the course of charging the jury, was emphatic about the right of the defendant not to testify, charging:

> "The defendant in this case has not seen fit to take the stand in his behalf and the Court charges you that he is not required

to take the stand and it is not to be used as evidence against him; we don't have to prove ourselves innocent; the State has to prove you guilty, under our system of the law, and I can't urge this too strongly— you are not to consider against him the fact that he did not testify in his own behalf."

### III.

Jack Leveau was convicted earlier at the same court session of burglarizing the Probate Judge's office, the same offense of which the Grand Jury charged Blakely. When he testified as a defense witness at the appellant's trial, Leveau stated that the appellant did not participate in any way in the burglary. Rather Leveau testified that one Homer Don Wells had aided him in the burglary.

There was some rebuttal testimony adduced by the State to contradict the tendency of Leveau's evidence to exculpate Blakely. Leveau said these earlier statements to Deputy Garner were induced by a craving for a narcotic drug. The effect of this was that on apprehension Leveau implicated Blakely. However, he never sought to exonerate himself.

Since the two were tried separately, we fail to see that a conflict of interest arises even potentially. Sawyer v. Brough, 4 Cir., 358 F.2d 70, arose from a joint trial wherein Sawyer's co-indictee's confession cast most of the blame on Sawyer. We distinguish it.

In Whitaker v. Warden, 4 Cir., 362 F.2d 838, vitiating conflict was found in a lawyer's loyalty being divided between the defendant and his family.

■ We note that even on a joinder for trial one attorney's appearing for two defendants is not conflictual unless the theories of the *joint* defendants diverge materially. In Lugo v. United States, 9 Cir., 350 F.2d 858, we find:

> "It is true that where one attorney represents two codefendants, a conflict of in-

terest which denies one or both of the defendants the effective assistance of counsel is a distinct possibility. When such a conflict exists, the conviction cannot stand. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). On the other hand, absent a conflict of interest which interferes with the proper presentation of the defense of one of the codefendants, the mere fact that both are represented by the same attorney is not grounds for reversal. Gonzales v. United States, 314 F.2d 750 (9th Cir.1963.) There has been no showing of any conflict of interest between Lugo and Santiago in this case, nor have we found any in our review of the record. Also, nothing indicates that Rock failed to give Lugo's defense the attention it required.

"All the cases cited to us by appellant involved obvious conflicts of interest, and while we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest [Glasser, supra], neither can we create a conflict of interest out of mere conjecture as to what might have been shown."

A number of authorities demarking the border of conflict are listed in State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (hn. 20, 21, 22, 23, and 24). See also People v. McCasle, 35 Ill.2d 552, 221 N.E.2d 227—jointly indicted—no conflict; Holloway v. State, 32 Wis.2d 559, 146 N.W.2d 441—jointly indicted—no conflict.

### IV.

■ Code 1940, T. 15, § 305, inter alia, forbids the District Attorney's commenting on the defendant's failure to exercise his statutory right to testify. This prohibition does not in its terms prevent the judge from charging the jury as Judge Mashburn did here. Indeed, we commend his instruction.

■ The earlier remark advising the defendant to cease putting rhetorical and argumentative questions was within the court's discretion under Circuit Court Rule 18. This Rule reads:

"18. On trial, only one counsel on each side shall examine a witness."

See Roberts v. State, 258 Ala. 534, 63 So.2d 584 (hn. 8).

Since the remark came before the close of the trial, it cannot be said that the defendant's opportunity to take the witness stand had then passed. Hence the remark cannot be taken in an anticipatory sense.

We have carefully considered the entire record and consider the judgment below is due to be

Affirmed.