252 So.2d 413

**EVERGREEN NURSING HOME, INC.**

v.

**Ethel W. SMITH et al.**

**3 Div. 463.**

Supreme Court of Alabama.

Aug. 19, 1971.

Rehearing Denied Sept. 30, 1971.

James M. Prestwood, Andalusia, for appellant.

Broox G. Garrett, Brewton, Edwin C. Page, Jr., Evergreen, for appellees.

LAWSON, Justice.

This is an appeal by one of the defendants below from a judgment rendered on a jury verdict in favor of the plaintiffs in a suit brought for breach of contract.

The appellant in its brief argues only two assignments of error. One is that the trial court erred in giving the general affirmative charge with hypothesis for the plaintiffs; the other is that the trial court erred in refusing to give the general affirmative charge with hypothesis requested by the appellant.

Supreme Court Rule 9(b) requires that appellant's brief contain: "* * * a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *"

In Lyons v. Lyons, 279 Ala. 329, 330, 185 So.2d 121, we said: " * * * Where the appellant fails to comply with Supreme Court Rule 9(b), we consider assignments of error dealing with the sufficiency of the evidence, even if raised on rulings on affirmative charges or motions for a new trial as waived. (Authorities cited)"

In Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So.2d 96, we held, in effect, that the action of the trial court in refusing to give the general affirmative charge for the defendant, appellant, could not be considered because appellant's brief did not meet the requirements of Supreme Court Rule 9(b).

In Service Fire Ins. Co. of New York v. Short, 273 Ala. 613, 143 So.2d 308, with which counsel for appellant is familiar, we held that the appellant waived its assignments of error to the effect that the trial court erred in refusing to give the defendant's, appellant's, requested affirmative charge with hypothesis because of a failure to comply with the provisions of Supreme Court Rule 9(b).

We have many other cases to like effect, but we see no occasion to make specific reference to them.

■■ The brief filed here on behalf of the appellant falls far short of complying with the provisions of Supreme Court Rule 9(b). Consequently, the two assignments of error which are argued will not be considered and it is well established that assignments of error which are not argued in brief are waived. Romano v. Thrower, 261 Ala. 361, 74 So.2d 235, and cases cited.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.