267 So.2d 405

Mary JOHNSON

v.

Cassius FISHBEIN.

I Div. 694.

Supreme Court of Alabama.

Sept. 29, 1972.

Vernon Z. Crawford, Mobile, for appellant.

A driver of an automobile owes a duty to pedestrians to look and reasonably care for their rights upon the public highway, not only at street crossings but between intersections thereof. Rogers v. Crow, 244 Ala. 533, 14 So.2d 157; Peoples et al. v. Seamon, 249 Ala. 284, 31 So.2d 88. One who has the last clear opportunity of avoiding accident notwithstanding negligence of the person injured is solely responsible for injury under the doctrine of "last clear chance." Stanford v. St. Louis & S.F.R. Co., 163 Ala. 210, 50 So. 110; Southern Ry. Co. v. Williams, 243 Ala. 429, 10 So.2d 273; Liles v. Chafin, 35 Ala.App. 472, 48 So.2d 75; Gulf M. & O. R. Co. v. Sims, 247 Ala. 503, 60 So.2d 449. A party who offers a deposition into evidence must lay a proper predicate before the deposition can be admitted. Code of Alabama, 1940, as amended, Title 7, §§ 474(4) (C), and 474(5); Mobile Infirmary v. Eberlein, 270 Ala. 360, 119 So.2d 8; Crabtree v. Street, 201 Ala. 630, 79 So. 192; Code of Alabama, 1940, as amended, Title 7, Section 472; Engle v. Patterson, 167 Ala. 117, 52 So. 397; Ex parte Brooks, 249 Ala. 606, 32 So.2d 534; Underwood v. Smith, 261 Ala. 181, 73 So.2d 717; Maryland Casualty Co. v. First Natl. Bank of Eufaula, 276 Ala. 575, 165 So.2d 359; Wiggins v. Stapleton, 282 Ala. 255, 210 So.2d 814; Ex parte Rice, 265 Ala. 454, 92 So.2d 16.

Brown, Hudgens, Fulford, Sintz & Richardson, Mobile, for appellee.

PER CURIAM.

Appellant, Mary Johnson, plaintiff below, was struck by an automobile driven by the appellee, Cassius Fishbein, defendant below, in the late afternoon hours of November 29, 1968. She received injuries to her buttocks, flank, and abdomen, as well as a fractured pelvis. The accident occurred about 5:00 to 5:30 in the afternoon. It was cold and misty with intermittent drizzling rain. Darkness was falling and some automobiles had their headlights turned on. The rush hour traffic was heavy.

Shortly before being struck, the plaintiff had alighted from a city bus at a bus stop on Wilson Avenue in the City of Mobile, near the intersection of Wilson Avenue and St. Stephens Road.

Plaintiff contends that she had traversed the entire width of Wilson Avenue and was at the western most curb, when defendant's car knocked her down as it approached from the north. The defendant, his wife, as well as another driver who saw the accident, all testified that plaintiff was crossing in the opposite direction, and had just stepped off of the western most curb at the time she was struck.

Further evidence indicated that the defendant had stopped his automobile at a red light north of the point where plaintiff was struck, and that he had accelerated from a complete stop to a speed of approximately fifteen to twenty miles per hour when the right front fender of his car hit the plaintiff as he rounded a curve to his left.

The defendant contends that he did not see the plaintiff until he struck her, and that he stopped his car almost immediately.

In any event, no evidence was adduced that plaintiff was crossing in a marked crosswalk between intersections, or, that she was crossing at an intersection.

Apparently, the jury concluded that the plaintiff was "jay walking" and denied her any recovery as their verdict indicated. The case was submitted to the jury on a one-count complaint, based on simple negligence, and the defendant's pleas of the

general issue and contributory negligence.

On this appeal appellant urges seven separate assignments of error.

## ASSIGNMENTS I AND VII

In Assignment of Error I, appellant complains the trial court erred in its denial of the motion for a new trial. Appellant's argument raises the question that the verdict is contrary to the great weight of the evidence.

Assignment of Error VII claims the lower court erred in refusing to grant a new trial on the ground that one of the trial jurors was guilty of prejudicial misconduct.

These assignments require us to review particular issues of fact before the lower court. We do not believe that appellant has sufficiently complied with Rule 9 so as to provide adequate review of these issues.

" ' . . . "It is well established that a reviewing Court starts with the presumption that the record contains evidence to sustain every finding of fact. It is not the province of the reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. [Citing cases.] Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief *all of the material evidence on the point and not merely his own evidence*. If this is not done, the error assigned is deemed waived." . . .' Slovick v. James I. Barnes Construction Co., 142 Cal.App.2d 618, 298 P.2d 923, 927." Evergreen Heading Co. v. Skipper, 276 Ala. 623, 624, 165 So.2d 705, 707. [Emphasis supplied.]

For this reason, we consider Assignments of Error I and VII as waived. Rule 9(b), Revised Rules, Supreme Court of Alabama, 279 Ala. XXVI.

## ASSIGNMENTS OF ERROR II AND III

Appellant elected to argue Assignments of Error II and III together. Assignment of Error II urges reversal for the trial court's having given defendant's requested charge No. 1. Assignment of Error III is concerned with the trial court's refusal to give plaintiff's requested charge No. 14. These charges attempted to state the law as it applies to pedestrians crossing a roadway at a point other than at an intersection or in a marked crosswalk, and to pedestrians crossing near a crosswalk.

Defendant's charge No. 1 (which will be set out hereinafter) was apparently an attempt to follow the statutory rule of the road which appears in Tit. 36, § 58 (16(a)), Code 1940 Recompiled 1958, viz:

*"Crossing at other than crosswalks.—* Every pedestrian crossing a roadway at any point *other than* within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." [Emphasis supplied.]

When defendant's charge No. 1 is read, a typographical error appears which completely misquotes the section above, viz:

"The Court charges the jury that Pedestrians attempting to cross a roadway at any point within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway, and if you are reasonably satisfied from all the evidence in this case that the Plaintiff, Mary Johnson, on the occasion complained of, attempted to cross St. Stevens Road [sic] at a point other than at a marked crosswalk or within an unmarked crosswalk at an intersection and failed to yield the right of way to the Defendants motor vehicle, then I charge you as a matter of law such attempt to cross St. Stevens Road [sic] was negligent, and if you are further reasonably satisfied from all the evidence that such negligence on the Plaintiff's part proximately contribut-

**332**

ed to her injuries and damages then your verdict must be for the Defendant, Cassius Fishbein."

Charge I, as given, does not contain the words "other than" after the words "pedestrians attempting to cross a roadway at any point." Since the words "other than" are omitted from charge I, the charge treats, although incorrectly, the law applicable to pedestrians crossing roadways *within* marked crosswalks or within unmarked crosswalks at an intersection.

On the trial below, the question of the exact point where plaintiff crossed the street was not without some conflict in the evidence, but even under the scintilla rule, there was no evidence before the lower court which would support a finding that plaintiff crossed the street at, or near, a marked crosswalk, or at an intersection in or near an unmarked crosswalk. On the contrary, the evidence was clear that plaintiff crossed the street between intersections where there was no marked crosswalk. Conflicts in the testimony of plaintiff's and defendant's witnesses were mainly concerned with the direction of plaintiff's travel, the plaintiff attempting to prove a westerly crossing and other witnesses testifying that she crossed in the opposite direction.

In the case of Ray v. Richardson, 250 Ala. 705, 36 So.2d 89, this court held that where issues under the evidence were simple and clearly presented by other requested charges, as well as the court's oral charge, error could not be predicated on the ground that certain given written instructions were erroneous as being abstract, argumentative, or misleading, under Supreme Court Rule 45. See also, 2A Ala.Dig., Appeal and Error, ⊕1066. For the jury to have concluded that plaintiff was crossing at or near a crosswalk of any description, marked or unmarked, would have required them to go outside the evidence presented by both sides.

In the case at bar, the trial court orally charged on the applicable issues of law rel-

ative to pedestrians crossing a roadway at a point other than a marked crosswalk in the following language:

" . . . I would first charge you that under the law of the State of Alabama it has been declared that a pedestrian is a person afoot. A pedestrian under the rules of the road, shall be subject as the law says here, to traffic control signals at intersections. Further, every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, shall yield the right-of-way to all vehicles upon the roadway. Further, between adjacent intersections of which traffic control signals are in operation, pedestrians shall not cross at any place except in a marked crosswalk. So we see here the rules of the road that are applicable to the conduct of pedestrians in using the public highways. . . ."

In addition, the jury had before it defendant's charge No. 4.

"The Court charges the jury that every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, shall yield the right of way to all vehicles upon the roadway, and if you are reasonably satisfied from all the evidence in this case that the plaintiff, Mary Johnson, attempted to cross St. Stevens Road [sic] at a place other than within a marked crosswalk or within an unmarked crosswalk at an intersection that she had the duty to yield the right of way to all vehicles upon the roadway, then I charge you that such attempt to cross St. Stevens Road was negligent, and if you are further reasonably satisfied from all the evidence that such negligence on the part of the Plaintiff proximately contributed to her injuries and damages, your verdict must be for the Defendant, Cassius Fishbein."

■ Thus, it is clear that defendant's charge No. 1 is abstract under the evi-

dence. After an examination of the entire cause, and in view of the fact that the issues were clear and simple, and in view of the fact that the trial court correctly charged the jury, both orally and by the giving of a requested written instruction, on the law applicable to the evidence presented, we do not think that the giving of defendant's requested written charge No. 1 probably injuriously affected substantial rights of the plaintiff. Rule 45, supra.

This is no new departure. As early as 1838, in the case of Hutchins v. McCann, 7 Port. 94, Justice Ormond, speaking for this court said:

"It is, however, insisted, that as the court below in charging the jury, laid some stress on the fact of the defendant being an *accommodation* endorser merely, that the jury were misled, and the judgment must be reversed for that cause.

"Admitting that the charge of the court, . . . was erroneous,—it is not perceived how that could prejudice the plaintiff. It was at most, merely an opinion on an abstract question of law, not necessary to be decided in the case, and which could not do injury.

\* \* \* \* \* \*

"This being the law of the case, there was no error in the charge of the court. . . ."

█ It follows that plaintiff's charge No. 14 on the subject of pedestrians crossing in or near crosswalks was also abstract, and properly refused for the same reason.

## ASSIGNMENTS OF ERROR IV AND V

█ Assignments of Error IV and V concern the trial court's refusal to give plaintiff's requested charges 13 and 19.

"Plaintiff (sic) Charge No. 13

"The Court charges the jury that, one who has last clear opportunity of avoiding accident, not withstanding negligence of person injured, is solely responsible for injury under 'last clear chance' doctrine."

This charge fails to advise the jury of the legal meaning or definition of the "Last Clear Chance Doctrine" as quoted in Charge 13. Such a charge, without an explanation of the doctrine, could very well confound the jury and bring about a confusion of the issues. Thus, it was correctly refused.

"Plaintiff (sic) Charge No. 19

"I charge you, that if you are reasonably satisfied from the evidence that plaintiff is entitled to recover in this case, you may award her such damages as will be a fair equivalent in money for the mental and physical pain that plaintiff suffered, or that is reasonably certain she may have endured, if any, and a fair equivalent for the permanent impairment of her ability to perform the ordinary duties of life as a natural result of the injuries complained of."

As the verdict below was for the defendant, we find that this charge was rightly refused when examined in the light of Thompson v. Magic City Trucking Service, 275 Ala. 291, 296, 154 So.2d 306, 311.

"Appellants contend that the use of the words 'wrongful' and 'wrong' is error. But the subject of the charge is damages. Assuming, without deciding, that the charge was erroneous, the rule is that an erroneous charge as to the measure of damage is harmless where the verdict is in favor of the defendant."

## ASSIGNMENT OF ERROR VI

The appellant earnestly insists that the trial court erred in allowing the deposition of J. T. Taylor to be read to the jury over the objection of the plaintiff because defendant failed to lay a proper predicate for its admission into evidence.

In this connection, the record shows the following:

"MR. CRAWFORD: Your Honor, at this point I'd like to object to the read-

**334**

ing of the deposition because there has been no predicate laid for such, as the witness is in town and he can't come personally. I'd like to object for the record.

"THE COURT: Do you have any response to that?

"MR. BROWN: Yes, sir, I'd like to read Mr. Crawford's stipulation at the time of the taking of the deposition, and the stipulation says: 'It is stipulated by and between the parties hereto and their respective attorneys at law that the deposition on oral examination of the witness, Mr. J. T. Taylor, may be taken before Case L. Enoch, Notary Public, State of Alabama at Large, and that the said deposition shall be taken in accordance with, and, when so taken, may be used in accordance with, the provisions of Title 7, Section 474, of the 1940 Code of Alabama, as amended'.

"THE COURT: I'm going to overrule your objection, Mr. Crawford. Go ahead and proceed.

"MR. BROWN: Well, I would read the rest of the stipulation, Your Honor, he did stipulate that it could be used for all purposes. Ladies and Gentlemen, I would . . .

"MR. CRAWFORD: We take exception to that."

This deposition was not in evidence in its written form. It was only read to the jury. As a consequence, we do not have the advantage afforded the trial judge of reading the stipulation in question. It is not before us.

It would appear that the court, while viewing his copy of the offered deposition, was satisfied from a reading of the written stipulation, that it contained language sufficiently clear for him to conclude that the parties had agreed that the deposition could be used as evidence and read to the jury without more. There is nothing in the colloquy between the court and counsel to contradict defendant's conclusion that the written stipulation was an agreement "that it, [the deposition] could be used for all purposes."

All lawful presumptions, are entertained by this court that the trial court acted correctly, unless the contrary is made to appear from the record. We are unable to consider that which the record does not proffer. Nelson v. Hammonds, 173 Ala. 14, 55 So. 301(5).

In any event, the appellee was allowed her specific objections to the individual questions as read to the jury and in each instance, she received a favorable ruling from the court.

The foregoing opinion was prepared by R. L. HUNDLEY, Circuit Judge, specially assigned to the Supreme Court by order of the Chief Justice, and was adopted by this court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.