This case involves a suit upon a debt allegedly owed by the appellant, Don Totten[1] to Lighting and Supply, Inc., the appellee.
Totten frames the issue on appeal as follows:
 "The sole issue presented for review on this appeal is whether the trial court erred in imposing liability upon a private individual for the indebtedness of a corporate employer."
The record on appeal consists only of the complaint filed by Lighting and Supply, Inc., against Totten; Totten's answer, in which he merely denied the allegations of the complaint; and an order of the trial court, which reads as follows:
ORDER
 "Following a hearing on this date, based on the statements of counsel, the Court is of the opinion that a judgment should be and same is hereby entered in favor of the Plaintiff and against the Defendant in the amount of $19,035.31.
"DONE this 30th day of June, 1986.
 _____"/s/ H. Mark Kennedy _____ H. MARK KENNEDY _____ Circuit Judge"
We do not have before us the transcript of the hearing mentioned in the trial court's order, nor do we have a record before us which contains the substance of the "statements of counsel," to which the trial court referred in its order.
In his argument in his brief, Totten states that he acted solely "as a representative of ELECTRICAL CONSTRUCTION COMPANY, INC., in signing the charge slips for the goods and materials from appellee"; however, we do not have before us a transcript of the evidence, and Totten does not refer us to any evidence which would support his argument, as required by Rule 28(e), Ala.R.App.P.
Based on the record before us, we must assume that the trial court had before it evidence to sustain every finding of fact made and that it made those findings necessary to support the judgment. Even if we had been favored with a transcript of the evidence before the trial court, this Court is not under a duty to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to an appeal. Johnson v. Fishbein, 289 Ala. 328, 267 So.2d 405
(1972). Furthermore, on appeal, this Court is limited to a review of the record alone, and an issue not reflected in the record as having been raised in the trial court cannot be raised for the first time on appeal. Mobile Wrecker Owners v.City of Mobile, 461 So.2d 1303 (Ala. 1984).
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, BEATTY and HOUSTON, JJ., concur.
[1] Although appellant Totten argues that he is not responsible for the debt of the corporation, we note that he styled his notice of appeal and his brief on appeal as "Don Totten, d/b/a Electrical Construction Co., Inc., appellant v. Lighting and Supply, Inc." *Page 504